IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 2:07-CV-376 (TJW) |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., DELL, INC., and GATEWAY, INC., | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**MEDIOSTREAM, INC.'S OPPOSITION TO THE MOTION OF ACER AMERICA
CORPORATION, APPLE, INC., ASUS COMPUTER INTERNATIONAL, INC.,
GATEWAY, INC., AND CYBERLINK.COM CORP.
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404**
**I.**

## II.    INTRODUCTION

Defendants Acer America Corporation, ("Acer") Apple, Inc., ("Apple") ASUS Computer International, Inc., ("ASUS") Gateway, Inc., ("Gateway") and Cyberlink.Com Corp. ("Cyberlink") seek to transfer this case to the Northern District of California. Defendants' motion should be denied for the reasons described below.

First and foremost, this is an appropriate district in which to litigate this case because each of the defendants transacts business here and sells allegedly infringing products here. There is no reason why this two-patent case should be moved to California when allegedly infringing conduct is occurring in this District.

Second, contrary to the impression they seek to create, not one of the moving Defendants has any state law claims filed against it in this action  At multiple points in their motion, the moving Defendants mischaracterize the case against them as an action based in part on

1

California state law claims and they stress that the assertion of those California state claims is a significant reason to transfer this case. But no state law claims have been filed against these Defendants – only patent infringement claims. Even if the Defendants were correct, this Court can assess California state law claims as well as any court in California and the addition of those claims does not warrant transfer.

Third, the convenience factors weigh against transfer. Defendants' motion to transfer is based primarily on perceived convenience to witnesses. But their arguments do not withstand scrutiny. Defendants fail to identify any witness who resides in the Northern District of California and who cannot be made available in this District. Further, while defendants suggest that there are employees they believe will be inconvenienced by having to travel to Texas, it is the convenience of non-party witnesses that merits more consideration. Defendants must specifically identify those non-party witnesses whom it contends will be inconvenienced. But here, defendants do not identify any non-party witnesses, nor outline the scope of their proposed testimony as required by law. Without such specificity, Defendants' vague assertions that some witnesses would be inconvenienced by litigating here does not overcome MedioStream's choice of forum. Moreover, the issue of convenience relates to trial. To the extent that defendants wish to have their employees or unidentified non-party witnesses deposed in the Bay Area, MedioStream will be happy to accommodate that request. It is unlikely that many employees would be required witnesses at trial. As defendants point out in their motion, these are highly technical patents. As such, issues of patent infringement and validity are matters for expert testimony and the convenience of paid experts is not a matter the Court needs to consider in a motion to transfer.

Fourth, Defendant Dell is notably absent from Defendants' motion. Dell's absence is all

the more conspicuous because Dell is the largest producer of allegedly infringing products, is based in Texas and has operations centrally located in Texas with strong ties to this District in particular.  As this Court is aware, Dell is a frequent visitor to the Eastern District of Texas, as a plaintiff and a defendant and has at least fifteen (15) cases currently pending here.

Fifth, the interests of justice, taken together, also weigh against transfer.  There are no related actions involving similar technology pending in the Northern District of California. Other considerations, such as court congestion weigh against transfer as this district is significantly less congested than the Northern District of California and cases go to trial faster here than in California.

Finally, the original complaint in this action was filed over five months ago.  It is true that discovery has not begun and the case is in its early stages, but MedioStream's courtesies in granting Defendants extensions should not now be a reason to transfer the case.  In short, the balance of the private and public interest factors do not support transfer of this action to California.  Accordingly, Defendants' motion should be denied.

### III.    FACTUAL BACKGROUND

MedioStream filed this infringement action based on U.S. Patent No. 7,009,655 ("the '655 Patent") against Defendants Acer, Apple, Dell and Gateway in this District on August 28, 2007.  On September 5, 2007, MedioStream filed a First Amended Complaint, adding Defendant ASUS Computer International Inc.   MedioStream filed a Second Amended Complaint on November 8, 2007, after the second patent issued, adding Defendants Sony, CyberLink.com, Nero, and Sonic Solutions.[1]   The Second Amended Complaint alleges infringement of United States Patent Nos. 7,009,655 and 7,283,172.  Contrary to Defendants' assertions, these patents

---

[1] MedioStream has recently served these defendants.

are not directed only to methods. In fact, all the claims of the '655 patent and some of the claims of the '172 patent are directed to "A system for converting video information from an incoming format to an outgoing format …". These systems are manufactured and sold by computer hardware manufacturers, the largest and most prolific of which is Dell.

Dell is missing from Defendants' motion to transfer – no doubt because inclusion destroys any hope for transfer. Dell is a Texas corporation with close ties to the Eastern District of Texas. Dell is a significant defendant in this case because it sells twice as many infringing systems as all of the other defendants combined. Declaration of Susan E. Gonzalez in Support of Opposition to Motion to Transfer ("Gonzalez Decl."), Exhs. 1-4, ¶¶ 1-4. In fact, it sells over twenty eight percent of all the computer systems sold in the United States. Gonzalez Decl., Exhs. 1-4, ¶¶ 1-4. Dell's market share compared to the other defendants in this litigation is staggering. In 2007, Dell sold 19.6 million infringing systems. Dell is conveniently missing from the motion to transfer pleadings for this reason. Of the defendants included in the motion to transfer, Apple sold 4.1 million infringing systems, Acer sold 1.89 million infringing systems, Gateway sold 3.85 million infringing systems, and ASUS's infringing systems sales could not be determined without discovery. Gonzalez Decl., Exhs. 1-4, ¶¶ 1-4. Thus, over 50% of the systems MedioStream alleges infringe the patents-in-suit are sold by Dell, a Texas corporation.

## IV.    DEFENDANTS' MOTION TO TRANSFER SHOULD BE DENIED

### A.    Legal Standard

Requests to transfer venue are governed by 28 U.S.C. §1404(a), which permits a district court to transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. §1404(a). The defendant bears the burden of proof in demonstrating that a transfer is warranted. To meet this burden, the moving party must show "good cause" exists to transfer the case. *Martin v. BNSF Ry. Co.*, No. 9:07-CV-154, 2007 WL 4333341 (E.D. Tex.

Dec. 10, 2007). To establish "good cause," the moving party must demonstrate that the proposed

transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re:*

*Volkswagen of Am., Inc.,* 506 F. 3d 376, (5th Cir. 2007). In determining whether an action

should be transferred under § 1404(a), the court must consider several private and public factors.

*Connectel, LLC v. Cisco Sys., Inc.,* No. 2:04-CV-396, 2005 WL 366966, at *1-2 (E.D. Tex Feb.

16, 2005).

The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience

of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the

attendance of the witnesses and availability of compulsory process; (5) the accessibility and

location of sources of proof; and (6) the possibility of delay and potential prejudice if transfer is

granted. *Id.*

The public interest factors considered are: (1) the administrative difficulties caused by

court congestion; (2) the local interests in adjudicating local disputes; (3) the unfairness of

burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary

problems in conflict of laws. *Id.*

To prevail, Defendants must prove that public and private interest factors favor

transferring the case. Defendants can meet this burden only by offering factual evidence to

support its claims. "Defendants seeking a transfer cannot carry their burden by merely making

unsupported assertions, but rather they must properly establish relevant venue facts by affidavit,

deposition or otherwise." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688-689 (E.D. Tex.

1999)(rejecting defendant's assertions that the venue was inconvenient to witnesses, where such

assertions were not supported with facts). Here, Defendants have not met their burden.

**B.      The Private Interest Factors Do Not Support Transfer**

      1.      MedioStream's Choice Forum Should Not Be Disturbed

While the plaintiff's choice of forum is not controlling, the plaintiff's choice of forum is entitled to deference. *In re Volkswagen,* 506 F.3d 376, 2007 WL 3088142, *7; *Allen v. Big Dutchman, Inc.*, USA, 2008 WL 65078, *2 (2008 E.D. Tex.); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771-74 (E.D. Tex. 2000). "When a transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Martin v. BNSF Ry. Co.*, 2007 WL 4333341, at *7 (internal quotations omitted). MedioStream's location and convenience is not considered when analyzing Defendant's motion to transfer since MedioStream "chose the forum and presumably considered convenience and cost." *ConnecTel, LLC v. Cisco Sys., Inc.*, 2005 WL 366966, at *2; *Cummins-Allison Corp. v. Glory Ltd.*, No. Civ. A. 2-03-CV-358TJ, 2004 WL 1635534, *5 (E.D. Tex. May 26, 2004).

Section 1404 is not a mechanism for Defendants to transfer the case to a forum in which they would rather be sued. The venue statutes intentionally provide the plaintiffs with a wide range of choices as to where to pursue their claims. The Fifth Circuit stated:

> The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interest, to select the forum that he considers most receptive to his cause. The motive of the suiter in making this choice is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its juror are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor.

*McQuinn v. Texas Power and Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983); *In re Triton Ltd. Sec. Litig.*, 70 F.Supp.2d 678, 689 (E.D. Tex. 1999); *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771-74 (E.D. Tex. 2000).

Here, MedioStream's choice of forum is proper because each of the Defendants sells infringing products in the District. *See* Declaration of Jacob DeRieux in Support of Opposition to Motion to Transfer Venue at ¶ 2. Defendants' focus on MedioStream's contacts in California

is irrelevant to plaintiff's choice of forum, and Defendants incorrectly assert that MedioStream lacks any connection with this District.  Each of the defendants sells infringing products in the Eastern District of Texas.  Dell is a Texas corporation, is the largest defendant, and sells the most infringing products, yet has not joined the present motion.  MedioStream chose to bring this suit in the Eastern District of Texas, Marshall Division.  MedioStream's appropriate forum choice of the Eastern District of Texas weighs against transfer.

2.      The Convenience Of The Parties And Witnesses, And The Cost Of Obtaining Witnesses' Attendance Do Not Favor Transfer (Factors 2 and 4)

Because the parties have not begun discovery, it is difficult to determine who the relevant witnesses are and where they are located, but Defendants have failed to demonstrate that the location of potential witnesses supports a transfer of venue.  In fact, the Defendants have not identified a single witness -- besides Mr. Huang, the inventor of the patents and former employee of Mediostream who has agreed to make himself available in the Eastern District of Texas -- who actually resides in the Northern District of California.  *See* Huang Decl. at ¶¶ 2, 3.  Venue in the Eastern District of Texas will not affect Defendants' opportunity to question Mr. Huang in this matter.  While Defendants have suggested that this District is inconvenient for party witnesses, little or no consideration should be accorded to party witnesses because their testimony can be compelled.  Moreover, Defendants cannot rest on bare allegations of inconvenience but must "specifically identify key witnesses and outline the substance of their testimony."  *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D.Tex., 2000), quoting *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749 (S.D. Tex. 1994).  Here, Defendants have not specifically identified any non-party witnesses, nor outlined the substance of their anticipated testimony, so this factor does not deposed in the forum most convenient for each witness, so litigating in this District will not pose a problem for them.  This Court has given little weight to claims by parties

7

that a transfer is warranted under the assumption that those witnesses will be willing to travel or the witnesses' testimony can be obtained by video. In *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, the Court rejected defendant's claim that the case should be transferred to the venue in which four of the patents' inventors resided. 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). The Court stated "regardless of where the trial is held, many witnesses, including third-party witnesses, will likely need to travel a significant distance." *Id.* The Court added that the parties could use videotaped deposition testimony if they could not compel a witness to come to trial. *Id.* Thus, Defendants cannot support their motion for transfer with bare allegations as to the location and needs of unidentified third party witnesses.

In any case, this District should be a convenient location for Dell which presumably has witnesses located in Texas. Apple, Sony and Nero are Delaware corporations. The other defendants are California corporations. Texas is an appropriate venue because it is a logical midway point between Delaware and California. *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 826 (S.D. Tex. 1993) (noting that crucial key witnesses were scattered throughout the country making either venue equally inconvenient). Furthermore, Cyberlink and Gateway have admitted that their allegedly infringing software is made in Taipai and their witnesses are located in Taipai. *See* Decl. of Shing Wong in Support of Motion to Transfer at ¶¶ 2 and 3; Decl. of Jie Zhou in Support of Motion to Transfer at ¶ 3. It is therefore irrelevant to these companies whether the case is heard in Texas or California.

Finally, Defendants' argument to transfer venue based on convenience factors such as distance and cost is unpersuasive because all of the defendants have regularly availed themselves support transfer.

Even if Defendants were to identify some non-party witnesses, those witnesses can be to

jurisdiction in this District.  All of the Defendants have a registered agent for service of process in Texas, and all have litigated numerous cases in the Eastern District.

Apple has three suits in the Eastern District of Texas.  *Apple Computer, Inc. v. Creative Tech. Ltd et al.*, 9:06-cv-00114-RHC (filed June 1, 2006); *Apple Computer, Inc. v. Creative Tech. Ltd et al.*, 9:06-cv-00149-RHC (filed July 19, 2006) and *Apple Computer, Inc. v. Creative Tech. Ltd et al.*, 9:06-cv-00150-RHC (filed July 19, 2006).  In *Apple Computer Inc. v. Creative Tech. Ltd et al.*, Apple <u>filed</u> a complaint in the Eastern District of Texas and <u>asserted that this District was the appropriate venue</u>.  Apple stated "Apple sells, distributes, advertises and offers for sale a wide variety of its products…throughout this District, and has for some time."  9:06-cv-00114-RHC, Compl.,¶1.  Gonzalez Decl., Exh. 5, ¶ 5.  Apple is also currently a defendant in two other actions in the Eastern District of Texas.  *See, e.g., Texas MP3 Tech., Ltd., v. Samsung Elec. Co., Ltd.,* 2:07-cv-00052-CE *and WI-Lan, Inc. v. Acer, Inc.,* 2:07-cv-00473-TJW.  Apple has not filed a Motion to Transfer Venue in either of these cases.

Acer has also litigated numerous actions in the Eastern District of Texas, including at least one action in which Acer was a plaintiff.  *Acer America Corp. v. Hon Hai Precision Indus. Co. Ltd. et al.,* 2:07-cv-00181-TJW-CE (filed May 8, 2007).  Acer is also currently a defendant in at least five other actions in the Eastern District of Texas.  *See, e.g., Honeywell Int'l Inc v. Acer Amer. Corp.,* 6:07-cv-00125-LED*;  Hewlett-Packard Co. v. Acer, Inc.,* 2:07-cv-00103-CE*; Hewlett-Packard Co. v. Acer, Inc.,* 2:07-cv-00150-TJW*; Premier Int'l Assoc, LLC v. Hewlett-Packard Co.,* 2:07-cv-00395-DF *and WI-Lan, Inc. v. Acer, Inc.* 2:07-cv-00473-TJW.  Acer has not filed a Motion to Transfer Venue in either of these cases.

ASUS is currently a defendant in at least three other actions in the Eastern District of Texas.  *See, e.g., Commonwealth Scientific and Indus. Research Org v. Toshiba Am. Info. Sys.,*

6:06-cv-00550-LED; *Harthcock v. MIPS Tech. Inc.,* 2:07-cv-00515-LED-CE *and LaserDynamics, Inc. v. Asus Computer Int'l*, 2:06-cv-00348-TJW-CE.   ASUS has not filed a Motion to Transfer Venue in either of these cases.

Gateway is currently a defendant in at least three other actions in the Eastern District of Texas.  *See, e.g., Linex Tech. Inc. v. Belkin Int'l*, 2:07-cv-00222-LED-JDL;  *Premier Int'l Assoc, LLC v. Hewlett-Packard Co.*, 2:07-cv-00395-DF *and WI-Lan, Inc. v. Acer, Inc.* 2:07-cv-00473-TJW.  Gateway has not filed a Motion to Transfer Venue in either of these cases.

Looking at the cost associated with litigating this case, there is no evidence suggesting that requiring Defendants to defend themselves in the Eastern District of Texas will result in any unreasonable expenses.   The Defendants' extensive history of litigation in this District demonstrates that the factors of convenience, cost and location weigh against transfer.

> 3.   Defendants' Infringing Conduct Occurred In The Eastern District Of Texas

Patent rights are national, not local rights.  The infringement of the patents in suit – the harm to MedioStream – takes place nationally.  Indeed, the largest seller of infringing products and the party causing the greatest harm to MedioStream is Dell, a Texas company with operations centrally located in Texas.  Each of the Defendants sells infringing software and hardware in this District, making it an appropriate place to litigate the infringement action.  The fact that Defendants are headquartered in California does not mean the case should be transferred to California, particularly when the largest infringer is a Texas corporation.

The sale of an infringing product within the Eastern District of Texas is "significant and relevant" and thus the "place of the alleged wrong" factor does not favor transfer.  *See, e.g., ConnecTel, LLC v. Cisco Sys., Inc.*, 2005 WL 366966, at *2.

> [A]s long as the plaintiff brings its action in a forum where the alleged infringement is occurring, that choice should not be undermined by allegations

that infringing activities occur throughout the country.

*Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, *6 (citing *Beam Laser Systems, Inc. v. Cox Communications, Inc.,* 117 F.Supp.2d 515, 518-519 (E.D.Va. 2000).

All of the Defendants sell their infringing products in the Eastern District of Texas. *See* Declaration of Jacob DeRieux in Support of Opposition to Motion to Transfer Venue at ¶ 2. Apple has twelve Apple stores in Texas, including one store located in the Eastern District, in Plano TX. *See* Gonzalez Decl., Exh. 6, ¶¶ 6-7. Apple also sells its products through four reseller companies in 57 locations in Texas. *Id.,* Exhs. 7, 10, ¶¶ 6, 8 and 14. Acer sells its computers in the Eastern District of Texas through various resellers as well. *Id.* at Exh. 10, ¶¶ 9, 14. Acer also has a dedicated plant in Texas. *Id.,* Exh. 8, ¶¶ 9, 10. Numerous resellers sell Gateway computers in Texas, including Fry's Electronics and Circuit City, both with locations in Plano, Texas. *See id.*, Exhs. 9, 10, ¶¶ 11 and 12. ASUS computers are sold at Best Buy in Sherman, Texas and CompUSA in Plano, Texas. *See id.* Exh. 10., ¶14.

Because the vast majority of infringing activity is conducted by Dell in Texas, this factor weighs against transfer.

> 4.     The Sources Of Proof In This Case Will Be Easily Accessible From Their Locations In Texas and Other Parts Of The Country

That Defendants' documents are located California is of "slight significance due to the increasing ease of storage, communication, copying and transportation of documents and information and the Eastern District of Texas's mandatory disclosure obligations." *Cummins-Allison*, 2004 WL 1635534, at *6, citing *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d at 778. It is not burdensome for defendants to produce relevant business documents or records in the Eastern District of Texas**.**

> 5.     There Is A Possibility Of Delay And Prejudice If The Transfer Is Granted

Patent plaintiffs often file in this District because it has a reputation for quickly bringing patent cases to trial. The time for a case to reach trial in this District is considerably faster than in the Northern District of California. The median time interval between when a case if filed and when it is tried has been cited as 17.7 months in the Eastern District of Texas. By contrast, the same interval in the Northern District of California was cited as 25 months. *See* 2006 Annual Report of the Director on the Judicial Business of the United States Court *available at* http://www.uscourts.gov/judbus2006/appendices/c10.pdf, attached hereto as Exh. 1 to Decl. of Elizabeth F. Stone in Support of Opp. to Mot. to Transfer.[2]

Additionally, MedioStream has already invested time in the Eastern District of Texas. It has engaged in settlement discussions and granted extensions of time to answer to Defendants. If this action were transferred to the Northern District of California, MedioStream would suffer prejudice because it would have to begin the entire process again.

### C.   The Public Interest Factors Weigh In Favor Of Venue In The Eastern District Of Texas

The interests of judicial administration and economy favor keeping the case in this forum.

### 1.   There Are No Administrative Difficulties Caused By Court Congestion

Defendants have not alleged any concern that taking on this case would cause congestion in this Court, nor is there any reason to believe it would do so. In fact, transferring this case to the Northern District of California would move it into an even more congested District than this one. The most recent information on the US Courts website reports that in 2006, the Eastern District of Texas saw 3,658 filings and had 3,079 pending actions. The Northern District of California saw 8,683 filings with 8,157 pending actions. *See* U.S. District Court – Judicial Caseload Profile, available at http://www.us.courts.gov/cgi-bin/cmsd2006.pl, attached hereto as

---

[2] This report supplies the most current statistics available on the United States Court website.

Exh. 2 to Decl. of Elizabeth F. Stone in Support of Opp. to Mot. to Transfer.   There are also more cases per judge in the Northern District of California.   There are 583 pending cases per judge in the Northern District of California and only 385 pending cases per judge in the Eastern District of Texas. *Id.*

 2. There Is A Local Interests In Resolving This Action In The Eastern District Of Texas, Keeping This Case Here Will Not Result In Unfairness By Burdening Citizens In An Unrelated Forum With Jury Duty

This Court has held that residents in the Eastern District of Texas have a significant interest in the enforcement of federal patent laws against infringement activity. *See Cummins-Allison Corp. v. Glory Ltd.,* 2004 WL 1635534, at *7.   Because, as discussed above, acts of infringement have taken place in this District, this factor favors retaining jurisdiction here. *See* Declaration of Jacob DeRieux in Support of Opposition to Motion to Transfer Venue at ¶ 2.

As discussed above, the majority of the infringing sales at issue in this action are made by a Texas company, not a California company.   Defendants' arguments that this action should be in the Northern District of California because some of the defendants visited MedioStream, and because MedioStream alleges contacts and communications with Sonic are not enough to warrant transfer.   It is noteworthy that, like Dell, Sonic is not a party to this motion.

Finally, Defendants incorrectly portray this action as one based in California state law claims.   This action was originally brought as a patent infringement action with only federal law claims.   It was only after the second patent issued that MedioStream added the California state law claims against Sony, Sonic and Nero.   These California state law claims arise out of the federal patent claims.   The fact that this action includes secondary state law claims does not warrant transfer to the Northern District of California because all of the factors taken together weigh in favor of venue in the Eastern District of Texas.   As to the California state law claims,

13

the Texas courts can assess these claims as well as any court in California or any other jurisdiction. The application of the law of a foreign jurisdiction does not require a transfer of venue, especially here where the California state law claims are secondary to the federal patent claims against all defendants. *See, e.g., Vandusen v. J.C. Penny Co.*, 207 F. Supp. 529, 536 (W.D. Ark. 1962) (denying motion to transfer and holding that application of law of another jurisdiction in itself does not require the transfer of the case); *Willetts v. Gen. Tel. Dir. Co.*, 38 F.R.D. 406, 411 (S.D. N.Y. 1965) (denying motion to transfer and holding that it is not controlling that the case would require the application of the law of a foreign jurisdiction). This factor weighs against transfer.

       3.    There Are No Conflict Of Law Issues In The Eastern District Of Texas

Defendants' claim that this action involves California law is a red herring. MedioStream brought infringement claims against Defendants under federal law. Furthermore, MedioStream has not brought any claims under California law against the defendants that have brought the motion to transfer venue. Federal patent law is at issue against these moving defendants. This district is intimately familiar with patent law. In fact, it has adopted special rules governing patent cases that promote orderly and efficient resolution of patent cases. *See Source Inc. v. Rewards Network Inc.*, No. Civ. A. 2:04-CV-347, 2005 WL 2367562, at *3 (stating "This Court is very familiar with the United States patent laws that will govern this case"). This factor weighs against transfer.

## V.    THE COURT SHOULD DISREGARD DEFENDANTS' DECLARATIONS IN SUPPORT OF MOTION TO TRANSFER

The Court should disregard portions of the various declarations submitted by Defendants. Declarants do not claim any personal knowledge regarding the patents, do not identify any witnesses who cannot be secured for trial, or outline their testimony, and several of them have

retracted what was arguably the most significant portions of their originally filed declarations. For example, Ares Yang's revised declaration retracts his originally filed statement, that "any such allegedly infringing products made or sold by Acer America Corporation would have been researched, designed, developed and tested within California." Yang Decl., ¶ 3. Likewise Kirk Paulsen's revised declaration retracts and qualifies his originally filed statement that "Apple does not maintain any facilities, employees or documents in the Eastern District of Texas." Paulsen Decl., ¶ 6.

## VI. CONCLUSION

Defendants cannot meet their burden of showing why MedioStream's choice of forum should be disrupted and this court should accordingly deny this motion and retain venue over this action.

Dated:  February 11, 2008      Respectfully submitted,

          By:  /s/ Elizabeth L. DeRieux
            S. Calvin Capshaw
            State Bar No. 03783900
            ccapshaw@mailbmc.com
            Elizabeth L. DeRieux
            State Bar No. 05770585
            BROWN MCCARROLL, L.L.P.
            1127 Judson Road, Suite 220
            Longview, TX 75601
            P.O. Box 3999
            Longview, TX 75601-5157
            Tel: (903) 236-9800
            Fax: (903) 236-8787

            Byron W. Cooper
            CA State Bar No. 166578
            bcooper@goodwinprocter.com
            Gregory S. Bishop
            CA State Bar No. 184680
            gbishop@goodwinprocter.com
            April E. Abele
            CA State Bar No. 180638
            aabele@goodwinprocter.com

            GOODWIN PROCTER LLP
            181 Lytton Avenue
            Palo Alto, CA 94301
            Tel: (650) 752-3100
            Fax: (650) 853-1038

            Andrew T. Gorham
            State Bar No. 24012715
            Robert M. Parker
            State Bar No. 15498000
            Robert Christopher Bunt
            State Bar No. 00787165
            Charles Ainsworth
            State Bar No. 00783521
            PARKER, BUNT & AINSWORTH, P.C.
            1000 East Ferguson, Suite 1114
            Tyler, Texas  75702
            Telephone: (903) 531-3535

Facsimile: (903) 533-9687
Email: tgorham@pbatyler.com
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Attorneys for MEDIOSTREAM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 11th day of February 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux