**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California corporation, | § § § | Civil Action No. 2-07CV-376 TJW |
| Plaintiff | § § § | |
| vs. | § § § | |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., ASUS COMPUTER INTERNATIONAL INC., DELL, INC., and GATEWAY, INC. | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

<u>**REPLY IN SUPPORT OF MOTION OF ACER AMERICA CORPORATION, APPLE, INC., ASUS COMPUTER INTERNATIONAL, INC., GATEWAY, INC., AND CYBERLINK.COM CORP. TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**</u>

MedioStream's Opposition fails to rebut the central premise underlying Defendants[1] Motion — <u>the actions alleged in the complaint to support MedioStream's claims occurred predominantly in the Northern District of California ("ND Cal")</u>.  As a result, litigating this case in ND Cal would be more convenient for witnesses and parties and would relieve this Court of the unfair obligation of resolving a dispute with a crystal-clear center of gravity some 2000 miles away.  Accordingly, under prevailing standards in this District, transfer to ND Cal is appropriate.

**A.      The "Center Of Gravity" And More Convenient Forum In This Case
        Is The Northern District Of California**

MedioStream does not seriously dispute that the center of gravity in this case— for both the state law claims and the patent claims—is ND Cal.  Accordingly, because "the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production," this case should proceed in ND Cal.  *See Whistler Group v. PNI*

---

[1] As discussed, *infra*, while several Defendants have not yet joined this motion, none of the Defendants oppose transfer.

*Corp.,* No. 03-cv-1536, 2003 U.S. Dist. LEXIS 21968 at * 4 (N.D. Tex. Dec. 5, 2003).[2]

The Court should completely discount MedioStream's argument that the Defendants' sales of infringing products in this District override the clear center of gravity (Opp. at 6, 22) because to date, <u>MedioStream has yet to identify a single infringing product made, used or sold by any of the Defendants whether in this or any other District</u>.  As the Court will note, MedioStream's complaint, rife with detail relating to its state law claims, fails to identify any allegedly infringing products.

> **B.      The Allegations Underlying the California State Law Claims Predominate MedioStream's Action**

MedioStream's criticism of the movants for bringing this Motion when "no state law claims have been filed against these Defendants" (Opp. at 2)  is completely disingenuous.  In an apparent tactical maneuver, MedioStream waited to serve Sonic and Sony until after the movants filed this Motion.  Sonic made its first appearance in this case on Monday February 18, 2008, and Sony made its first appearance on Thursday, February 14, 2008.  It is, therefore, unsurprising that neither has yet joined the Motion.  (*See, e.g.* Declaration of Vladimir Elgort ¶ 4.)

Moreover, the vast majority of the allegations in the Second Amended Complaint are asserted in support of the California state law claims.  Indeed, a simple reading of the Complaint bears this out.  MedioStream spent eleven out of the seventeen pages alleging facts in support of its California state law claims.  The state law claims do not "arise out of the federal patent

---

[2] MedioStream uses a "cropped quote" from *Cummins-Allison* to argue that its choice of forum should trump the center of gravity (Opp. at 10-11).  The complete quote from *Cummins-Allison*, however, makes it clear that MedioStream's position finds no support in the law.
> "***If there is no center of infringement activity in a particular case, as here, then,*** as long as the plaintiff brings its action in a forum where the alleged infringement is occurring, that choice should not be undermined by allegations that infringing activities occur throughout the country." *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, *6 (E.D. Tex. May 26, 2004) (emphasis provided).

claims" (Opp. at 13), rather the California state law claims arise out of allegations that

MedioStream alleges occurred in California between California-based corporations. Therefore,

transfer to ND Cal is appropriate.[3]

**C.    Transfer to the Northern District of California Would Ensure the
Availability of Key Witnesses at Trial**

MedioStream's assertion that Mr. Huang, "the inventor of the patents and former

MedioStream employee… has agreed to make himself available in the Eastern District of Texas"

(Opp. at 7) is also misleading.  The *MedioStream, Inc. Proprietary Information and Inventions*

*Agreement for Employees and Contractors* creates the basis for the "contractual obligation"

between MedioStream and Mr. Huang.  This agreement states that it "will be governed by and

interpreted in accordance with the laws of the State of California…. Any action relating to this

Agreement shall be brought in the state or federal courts located in San Francisco, California,

and the parties irrevocably consent to the exclusive jurisdiction and venue of such courts."

(Huang Decl. Ex. A at 5.)  Notably, MedioStream's deal with Mr. Huang divests this Court of

any authority to compel Mr. Huang to appear in Texas for trial.

While MedioStream's complaint refers to other agreements between it and certain

Defendants (e.g., the Product Bundling Agreement between Sonic and MedioStream), tellingly,

MedioStream does not attach these agreements.  As the attached Declaration of Vladimir Elgort

makes clear, MedioStream likely omitted these agreements because they require that all litigation

---

[3] MedioStream's reliance on *Vandusen* and *Willets* is misplaced.  Both cases involve actions
brought by disabled plaintiffs who resided in the district in which they brought suit.  *Vandusen v.*
*J.C. Penny Co.*, 207 F.Supp. 529, 536 (W.D. Ark. 1962); *Willets v. Gen. Tel. Dir. Co.*, 38 F.R.D.
406, 411 (S.D. N.Y. 1965).  The facts in the present Action differ starkly.  Not only is California
law applicable to the state law claims, but California Business and Professions Code § 17200
differs significantly from the Texas Deceptive Trade Practices Consumer Protection Act.  And,
in the present Action, MedioStream, a California corporation, is suing parties based in California
alleging facts that would have occurred in California.

relating to the state law claims be brought exclusively in California. (Declaration of Vladimir Elgort ¶¶ 11, 12.) This factor strongly favors transfer to the Northern District of California.

ND Cal will also be more convenient for other third party witnesses. The complaint identifies a number of meetings and negotiations involving MedioStream in ND Cal. The most likely witnesses to these events will be employees and former employees of the parties residing in ND Cal.[4]

**D.    The Fact Movants Have Not Asked to Transfer Other Cases is of No Moment**

Courts determine transfer motions on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 30 (1998). Therefore, it is not surprising that Apple, ACI, Acer and Gateway all have cases pending in the Eastern District of Texas in which they have not moved for transfer. Unlike other actions, this case fits into a clear category of cases for which transfer is eminently appropriate. The predominate claims in this case arise under California law and are based on conduct alleged to have occurred in ND Cal between ND Cal parties.

**E.    Dell Does Not Oppose Transfer Nor Does It Produce Any Infringing Software Products in Texas**

Dell does not oppose transfer and MedioStream's allegation that Dell is the "largest producer of allegedly infringing products" is deceptive at best. (Opp. at 3.) As MedioStream well knows, Dell is a producer of computer hardware. The patent claims, on the other hand,

---

[4] Again, MedioStream's reliance on *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.* is misplaced. Whereas in *Symbol Technologies*, witnesses would have had to travel regardless of where the trial was held, here, the majority of witnesses will only have to travel if this Court does not transfer. *See Symbol Technologies, Inc. v. Metrologic Instruments, Inc*., 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). The majority of witnesses will not be "scattered throughout the country." (Opp. at 8.) The witnesses, like the parties, will likely reside in the ND Cal.

apply to software products. While Dell certainly includes software on its computers, this software is produced by third parties (including some of the defendants in this action).

### F. MedioStream's Statistics on Court Congestion Do Not Apply To Patent Cases

As this Court has held, MedioStream's statistics "do not provide data for patent cases, which tend to have special rules and procedures." *Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*, 2007 U.S. Dist. LEXIS 27609 at *13 (E.D. Tex. Apr. 13, 2007). Both the Eastern District of Texas and ND Cal have adopted detailed rules and timelines that govern patent cases. The factor of possible court congestion is therefore neutral. *Id.*

### G. MedioStream Will Suffer No Prejudice or Delay If This Case Is Transferred to the Northern District of California

Finally, MedioStream's assertion that it has "invested time in the Eastern District of Texas" (Opp. at 12) is inaccurate and misleading. MedioStream filed its Second Amended Complaint on November 9, 2007, a mere three months ago. Since that time, MedioStream has not actively engaged the movants in any discussions, settlement or otherwise. MedioStream delayed serving the Second Amended Complaint on several Defendants until *after* the movants filed this Motion. In reality, MedioStream has made no "investment" in this District, nor will it be subject to prejudice or delay if this case is transferred. This factor weighs in favor of transfer.

### H. Conclusion

For the foregoing reasons and authorities, the moving parties ask the Court to transfer this Action to the Northern District of California in the interest of justice and for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

DATED:  February 19, 2008  Respectfully submitted,

By:   /s/ Mark C. Scarsi
Mark C. Scarsi
(*pro hac vice*)
mscarsi@milbank.com
Chris L. Holm
(*pro hac vice*)
cholm@milbank.com
Hannah L. Cannom
(*pro hac vice*)
hcannom@milbank.com
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa St., 30th Fl.
Los Angeles, California 90017
Telephone:   (213) 892-4000
Fax:          (213) 629-5063

Eric M. Albritton, Esq.
State Bar No. 00790215
ema@emafirm.com
Albritton Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone:   (903) 757-8449
Fax:          (903) 758-7397

Attorneys for APPLE COMPUTER, INC

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the **REPLY IN SUPPORT OF MOTION OF ACER AMERICA CORPORATION, APPLE, INC., ASUS COMPUTER INTERNATIONAL, INC., GATEWAY, INC., AND CYBERLINK.COM CORP. TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 19th day of February, 2008.


　　　　　　　　　　　　　　　　　　/S/Mark. C. Scarsi
　　　　　　　　　　　　　　　　　　Mark C. Scarsi