IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:07-CV-376 (TJW) |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., DELL, INC., and GATEWAY, INC., | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**MEDIOSTREAM, INC.'S SURREPLY IN OPPOSITION
TO THE MOTION OF ACER AMERICA CORPORATION, APPLE, INC., ASUS
COMPUTER INTERNATIONAL, INC., GATEWAY, INC., AND CYBERLINK CORP.
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404**

Plaintiff MedioStream, Inc. ("MedioStream") respectfully files this surreply in further opposition to the Motion of Acer America Corporation, Apple, Inc., ASUS Computer International, Inc., Gateway, Inc., and Cyberlink Corp.'s to Transfer Venue Pursuant to 28 U.S.C. §1404.  MedioStream has set forth its position more fully in its opposition papers, but provides this surreply to address only the inaccuracies and new arguments raised in Defendants' reply brief.

**I.   DEFENDANTS' ARGUMENT THAT MEDIOSTREAM HAS NOT IDENTIFIED THE ACCUSED PRODUCTS IS INACCURATE AND MISLEADING**

In their reply, Defendants state that "MedioStream has yet to identify a single infringing product made, used or sold by any Defendants whether in this or any other District." Reply Br. at 2 (emphasis in original).  That statement is false.  MedioStream has identified the accused products sold by Defendants in this District and Defendants are well-aware of which products are

1

infringing MedioStream's patents. First, counsel for MedioStream has provided Defendants with detailed claim charts, identifying Defendants' infringing products and at least one claim that those products infringe. *See* Declaration of Byron Cooper, (" Cooper Decl.") at ¶¶ 3-8. Second, in its opposition to Defendant's Motion to Transfer, MedioStream attached the declaration of Mr. Derieux, which included seventy eight photographs of examples of Defendants' infringing products sold in this District. Furthermore, counsel for MedioStream has had lengthy discussions with Defendants' counsel, during which counsel for MedioStream identified Defendants' infringing products. *See* Cooper Decl. at ¶¶ 3-8. Accordingly, defendants are well aware of the products accused of infringement and mislead this court by contending otherwise.[1]

Despite knowing which products are accused of infringement, Defendants are unable to identify a single specific witness who will be inconvenienced by litigating in this District, although it is Defendants' burden to do so. *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688-689 (E.D. Tex. 1999).

II. **DEFENDANTS' NEW ARGUMENTS ABOUT JURISDICTIONAL REQUIREMENTS IN AGREEMENTS BETWEEN MEDIOSTREAM AND CERTAIN DEFENDANTS ARE PREMATURE AND INCOMPLETE**

In their Reply, Defendants raise the new argument that this case should be transferred due to prior agreements between Sonic and MedioStream and Sony and MedioStream. *See* Reply Br. at 3-4. Defendants posit that these agreements contain venue provisions, specifying California as the appropriate forum for resolving claims arising out of those agreements. However, it is premature for these moving defendants to rely on such agreements to transfer this entire case. First Sonic and Sony, the defendants who are party to the agreements at issue, have not moved to transfer or dismiss the state law claims. In fact, Sonic and Sony have yet to even file answers to

---

[1] It is noteworthy that this district's local rules governing patent cases do not require that accused products be identified at this point.

the Second Amended Complaint.  Second, the agreements upon which Defendants base their argument are not currently before the Court, nor have the content, validity, and enforceability of these agreements been briefed.  Finally, were this issue briefed by the parties to the contracts (including Sonic and Sony), and were the actual provisions of the contracts evaluated, and were the Court to find the agreements valid and enforceable, the proper remedy would be to sever those state law claims against Sonic or Sony, not to transfer the patent infringement claims as to all of the defendants.

Any jurisdictional clauses in agreements between MedioStream and one or two of the defendants who have not joined this Motion to Transfer are not a proper basis for deciding the motion currently before the court.

There is, however, one notable fact about Mr. Elgort's declaration.  Mr. Elgort, the very first witness to provide evidence in this matter for Sony, is employed by Sony Corporation of America, which according to the Corporate Fact Sheet located on Sony's web site (http://www.sony.com/SCA/corporate.shtml) is located in New York City.  This highlights the fact that witnesses for this case are located in a variety of locations, not just the Northern District of California.

### III. DEFENDANTS' CONTENTION THAT THE PATENT CLAIMS APPLY TO SOFTWARE PRODUCTS AND NOT HARDWARE IS INACCURATE AND MISLEADING

Ignoring the plain language of the patent claims, Defendants continue in their misleading and inaccurate argument that the patent <u>claims</u> "apply to software products" and not to the computer hardware Dell produces.  Reply Br. at 4-5.  Defendants do so in an attempt to shield themselves from the fact that the vast majority of products at issue in this case are produced by Dell, which is located in Texas.  But, the plain language of the claims reveal this contention by Defendants to be simply wrong.  The claims of the '655 patent are <u>all</u> directed toward "A

3

system" that requires both hardware and software. '655 Patent, col. 12:22-14:21. Moreover, some of the claims of the '172 patent are also system claims requiring both hardware and software. '172 patent, col. 13:27-14:19.

Dell is by far the largest producer of infringing systems that include both the software and hardware recited in the claims as set forth in MedioStream's opposition papers. Dell's nonopposition to the motion, despite its large presence in Texas, and the failure of the Defendants to identify any specific witness that would be inconvenienced only highlights that Defendants' motion is tactical and not based on any inconvenience to any witnesses.

### IV. CONCLUSION

At its core, this is a patent infringement case. The infringing products are sold throughout the Eastern District of Texas, primarily by a Texas company. The witnesses may be scattered across the country and around the world, but none have been identified by Defendants as being inconvenienced by appearing in this District. For the foregoing reasons, the court should deny Defendants' Motion to Transfer.

Dated:  February 26, 2008                                  Respectfully submitted,

By:  /s/ Byron W. Cooper
Byron W. Cooper
CA State Bar No. 166578
bcooper@goodwinprocter.com
Gregory S. Bishop
CA State Bar No. 184680
gbishop@goodwinprocter.com
April E. Abele
CA State Bar No. 180638
aabele@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel: (650) 752-3100
Fax: (650) 853-1038

4

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@mailbmc.com
BROWN MCCARROLL, L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
P.O. Box 3999
Longview, TX 75601-5157
Tel: (903) 236-9800
Fax: (903) 236-8787

Andrew T. Gorham
State Bar No. 24012715
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: tgorham@pbatyler.com
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Attorneys for MEDIOSTREAM, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 26th day of February, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/Byron W. Cooper
      Byron W. Cooper