IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:07CV376 |
| ACER AMERICA CORP., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**1.    Introduction**

In this patent infringement case, the plaintiff, MedioStream, Inc. ("MedioStream"), seeks damages for infringement of United States Patent No. 7,009,655 B2 ("the '655 patent") and U.S. Patent No. 7,283,172 ("the '172 patent"). The defendants are Acer America Corporation ("Acer"), Apple Computer, Inc. ("Apple"), Dell, Inc. ("Dell"), Gateway, Inc. ("Gateway"), ASUS Computer International, Inc. ("ASUS"), CyberLink, Inc. ("CyberLink"), Sony Electronics, Inc. ("Sony"), Nero, Inc. ("Nero") and Sonic Solutions ("Sonic"). Acer, Apple, ASUS, Gateway, and Cyberlink have filed a motion to transfer venue (#63). For the following reasons, the motion is denied.

**2.    Discussion**

    **A.    Factual Background and Procedural Posture**

The plaintiff, MedioStream, is a California corporation with its principal place of business in Los Altos, California. The named inventor on both patents-in-suit is Qiang Huang. Mr. Huang resides in San Francisco, California. Acer is a California corporation with its principal place of business in San Jose, California. Apple is a Delaware corporation with its principal place of business

in Cupertino, California. ASUS is a California corporation with its principal place of business in Fremont, California. Dell is a Delaware corporation with its principal place of business in Round Rock, Texas. Gateway is a Delaware corporation with its principal place of business in Irvine, California. Sony is a Delaware corporation with its principal place of business in San Diego, California. CyberLink is a California corporation with its principal place of business in Fremont, California. Nero is a Delaware corporation with its principal place of business in Glendale, California. Sonic is a California corporation with its principal place of business in Novato, California.

On August 28, 2007, MedioStream filed this case, alleging infringement of the '655 patent against Acer, Apple, Dell and Gateway. On September 5, 2007, MedioStream filed an Amended Complaint, adding ASUS as a defendant. On November 9, 2007, MedioStream filed a Second Amended Complaint, adding Sony, CyberLink, Nero, and Sonic Solutions. MedioStream also added claims for infringement of the '172 patent, which issued on October 16, 2007. Also in the Second Amended Complaint, MedioStream joined supplemental claims under California state law for misappropriation of trade secrets, conversion, unjust enrichment, and unfair competition against Sonic and Sony.

According to the response to the motion to transfer venue, the accused products are computer systems and software sold by the defendants. The systems and software are sold throughout the United States, including within this district. Although all of the defendants are alleged to sell accused products throughout the United States, Dell is alleged to be the largest seller of infringing products. According to the plaintiff, Dell sells approximately twice the number of infringing systems as all of the other defendants combined.

On January 25, 2007, Acer, Apple, ASUS, Gateway and CyberLink filed a motion to transfer venue to the Northern District of California. The primary basis for the motion is that most of the parties have their principal United States operations in California and therefore the California court has a stronger connection to the case than this court. A secondary point is that the plaintiff joined certain California state law claims against certain defendants and the facts underlying those claims occurred in California. Although Dell did not join in the motion, it filed a statement of non-opposition to the motion. The motion is fully briefed and ripe for decision.

**B.     Discussion**

The governing statute provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether a transfer is proper, a district court first assesses whether the case might have been brought in the proposed transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, then the court addresses the various private and public interest factors to determine whether a transfer is warranted. *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 WL 3543151 * 1 (E.D. Tex. 2005). In this case, there is no dispute that the case might have been brought in the Northern District of California. As such, the court will address the private and public interest factors relevant to the transfer decision.

The court begins with the plaintiff's choice of forum. Here, the plaintiff selected this forum, and that selection is entitled to deference unless the convenience factors justify a transfer. *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003)("We believe that it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and

3

of itself it is neither conclusive nor determinative"); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987); *HolyAnne Corp. v. Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999)("A transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum and then weigh the convenience of both parties.").

The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 203. The private interest factors examine the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses and all other practical problems that make trial of a case easy, expeditions and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The public interest factors involve the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, the unfairness of burdening citizens in an unrelated forum with jury duty, and the avoidance of unnecessary problems in conflict of laws. *Id.*

The plaintiff's choice of forum weighs in favor of retaining the case in this court. With respect to the private interest factors, most of the parties are centered in California. It would therefore be more convenient for the parties and their employee witnesses in California to litigate in the Northern District of California. However, as the plaintiff points out, Dell is located in Texas and is alleged to have sold twice the number of accused systems than all of the other parties combined. For its part, the plaintiff assumed any inconvenience of a trial in Marshall when it selected this forum. The plaintiff also states that it is agreeable to deposing the California witnesses in California. Finally, as this court has previously observed, most patent cases involve testimony from retained experts located across the country and/or from other parts of the world. The

convenience of expert witnesses is generally accorded little weight in the transfer analysis. *Jacobs Chuck*, 2005 WL 3543151 at *3. On balance, this factor weighs in favor of a transfer. However, the court determines that the extent of inconvenience to the defendants is overstated, particularly in light of the plaintiff's willingness to depose the California witnesses in California and Dell's presence as a defendant in this case.

With respect to practical problems, such as the location of evidence, any documentary proof can be as easily transported to Marshall for trial as to the Northern District of California. Indeed, much discovery in patent cases is now exchanged electronically. *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534 at *6 (E.D. Tex. 2004). Accordingly, this factor is neutral.

The Fifth Circuit has stated that the possibility of prejudice and delay arising from transfer is relevant only in rare circumstances. *In re Horseshoe Entertainment*, 337 F.3d at 434. This factor is not implicated in this case.

Further, most of the public interest factors do not support a transfer. The defendants sell the accused systems throughout the United States, including in this district. As such, there is a local interest in adjudicating this dispute, and it is not unfair to burden the citizens of this district with jury duty. Moreover, any administrative difficulties with court congestion are negligible, and this factor is neutral. Finally, the case arises under federal patent law and there are no problems relating to conflict of laws on the patent issues. However, there are also claims brought under California law. As to those claims, it is likely that a California court would be more familiar with the law governing those issues. Nevertheless, the primary claims asserted in this case involve patent issues, and the court is not persuaded that the California claims warrant a transfer of venue.

**3.      Conclusion**

Having considered the relevant factors under 28 U.S.C. § 1404(a), the court declines to transfer venue in this case. As such, the court denies the defendants' motion to transfer (#63).

SIGNED this 26th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE