**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| MEDIOSTREAM, INC., a California corporation, | § § § | Civil Action No. 2-07CV-376 CE |
| Plaintiff | § § § |  |
| vs. | § |  |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., ASUS COMPUTER INTERNATIONAL INC., DELL, INC., and GATEWAY, INC. | § § § § § |  |
| Defendants. | § § |  |

**DEFENDANTS ACER AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION, GATEWAY, INC., NERO, INC., SONIC SOLUTIONS, AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION**

Defendants and Counter-Plaintiffs, Acer America Corporation ("Acer"), Apple Inc. ("Apple"), Asus Computer International Inc. ("ACI"), CyberLink.com Corporation ("CyberLink.com"), Dell Inc. ("Dell"), Gateway, Inc. ("Gateway"), Nero, Inc. ("Nero"), Sonic Solutions ("Sonic"),[1] and Sony Electronics Inc. ("SEL") move for reconsideration of the Court's September 26, 2008 Memorandum and Order (Docket No. 152) (hereinafter "Order") denying Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (a) (Docket No. 63) (hereinafter, "Transfer Motion"). For the following reasons, Defendants urge the Court to reconsider its denial and to transfer this case to the Northern District of California.

---

[1] Sonic's joinder to this Motion to Reconsider is subject to, and without waiver of, its pending Motion to Abate and rights to seek arbitration. (*See* Docket No. 117) Dell will file a separate paper formally joining the relief requested in this motion.

## PRELIMINARY STATEMENT

MedioStream, Inc., a Northern California company, brought this action against eight California defendants and Dell, a company with its principal place of business in Round Rock, Texas, alleging patent infringement and California state law violations.  On January 25, 2008, defendants Acer, Apple, ACI, Gateway, and CyberLink.com moved the Court to transfer this action to the Northern District of California for the convenience of the parties and relevant witnesses.  Nero joined the motion on February 22, 2008.  (Docket No. 90.)  While Dell did not join the motion, it did file a notice stating that it did not oppose transfer to the Northern District of California.  (Docket No. 79.)  On September 26, 2008, this Court denied the Transfer Motion finding that the plaintiff's choice of venue outweighed the private and public interest factors. The Court based its determination, in part, on MedioStream's assertion that Dell was the largest producer of infringing products and that Dell sold twice the number of accused products than all of the other parties combined.

Recent clarifications in the applicable law and facts have arisen that alter the relevant analysis.

*First*, pursuant to *In re Volkswagen of America Inc.*, 545 F.3d 304 (5th Cir. Oct. 10, 2008) (en banc) (hereinafter "*Volkswagen II*"), this Court should transfer this case to the Northern District of California because Plaintiff's choice of venue is not an independent factor to be considered in the § 1404(a) analysis, but instead merely shifts the burden to the moving party to demonstrate good cause for a transfer.  Under the Fifth Circuit's clarified framework, transfer in this case is appropriate because the Defendants have demonstrated good cause for transfer.

*Second*, in addition to the clarification of law, significant factual revelations justify reconsideration and transfer.  MedioStream previously argued that transfer out of the Eastern

District of Texas was not justified because Dell is the "largest producer of allegedly infringing products," suggesting that some significant amount of relevant evidence and/or witnesses would be found in Texas.  The Court clearly gave weight to this argument in its transfer analysis. MedioStream's September 30, 2008 infringement contentions make clear, however, that Dell simply sells computers with third party software installed on them.  Dell does not produce, design, test, or manufacture any of the allegedly infringing software.  Rather, this third party software is designed and developed outside of Texas, including in the Northern District of California.  Thus, Dell's presence in the state of Texas, more than three hundred miles away from and in a different judicial district than Marshall, is largely immaterial to the transfer calculus in this case, as the center of gravity of the allegedly infringing conduct, even by Dell, lies elsewhere.  Indeed, under these circumstances, Dell itself agrees and has joined the relief requested in this motion.

*Finally*, MedioStream's third amended complaint, which it filed on October 20, 2008, provides additional support for transfer.  The third amended complaint ("Complaint") adds four new defendants—Sony Computer Entertainment America Inc., based in the Northern District of California, two related Sony entities based in Japan, and Nero AG, based in Germany.  The Complaint also adds California state law claims against Nero and Nero AG and alleges actions by these companies that would have occurred in the Northern District of California. MedioStream affirmatively chose to bring these California state law claims based on events that purportedly occurred in California, involving people and entities in California, and should hardly be heard to deny that California is the more appropriate venue for resolution of this dispute.  This new information, together with the intervening clarification of the law, merits reconsideration and transfer to the Northern District of California.

# ARGUMENT

"[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . ."  *United States v. LoRusso*, 695 F.2d 45, 53 (2nd Cir. 1982).  An intervening change in the controlling law and/or the emergence of new facts justify reconsideration.  *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Here, the law has been clarified and significant new facts have emerged, both justifying reconsideration and a transfer under the particular circumstances of this case.

**A.  The Defendants Have Shown the Requisite Good Cause to Justify Transfer of This Case to Northern California.**

As the Fifth Circuit made clear in *Volkswagen II,* where a district has no connection to the parties, the witnesses or the facts of a case—and another district has extensive connections to the parties, the witnesses and the facts—transfer to that second district is appropriate. *Volkswagen II*, 545 F.3d at 307.  Because that scenario is demonstrably present in our case, the Court should reconsider its Order and transfer this case to the Northern District of California.

**1.  Under *Volkswagen II*, Defendants Need Only Show Good Cause to Warrant a Transfer of Venue.**

As the Fifth Circuit explained, while 28 U.S.C. § 1391(c) provides the plaintiff with a choice of venue in which to bring his action, that choice is not absolute.  In fact, the very purpose of § 1404(a) is to provide a mechanism to "prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404 (a)." *Volkswagen II,* 545 F.3d at 313.  That is why a plaintiff's choice of venue "is not an independent factor within the . . . 1404(a) analysis." *Id.* at 315 n. 10.  Rather, the only deference given to a plaintiff's choice of venue is already embedded within the requirement that the movant establish "good cause" for a transfer by demonstrating "that the transferee venue is clearly more convenient [than the transferor venue]." *Id.* at 315.

Accordingly, this Court should reconsider its reasoning that "plaintiff's choice of forum weighs in favor of retaining the case in this court." (Order at 4.) Instead of weighing the Plaintiff's choice of venue against the outcome of the public and private interest factors, the Fifth Circuit requires courts to weigh the relative convenience of one venue against the other using the public and private factors. If the movant meets its burden of demonstrating that the transferee venue is clearly more convenient, as it is here, then no deference to the Plaintiff's choice of venue remains, and a transfer is warranted.

### 2. The Northern District of California is a Far More Convenient Venue for this Case than the Eastern District of Texas.

In its Order, the Court found that the private interest factors[2] weighed in favor of Northern California as the more convenient venue for this action. (Order at 5.) The Court went on to find that the public interest factors[3] did not favor one venue over the other. Additional facts now serve to weight the private factors even more heavily in favor of transfer: MedioStream has asserted additional California state law claims against additional California Defendants and has revealed that Dell's involvement with respect to the allegedly infringing products is limited to loading the other Defendants' software onto its computers. In addition, *Volkswagen II* provided guidance on the interpretation of the private factors, such that they weigh more heavily in favor of transfer in this case. *Volkswagen II* similarly provided guidance regarding the public interest factors that, in light of the particulars of this case, justifies

---

[2] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II,* 545 F.3d at 315.

[3] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II,* 545 F.3d at 315.

reconsideration of the Court's conclusion that these factors do not favor the Northern District of California over the Eastern District of Texas.

                  a.       The Private Interest Factors Weigh in Favor of Transfer.

While the Court recognized that Northern California was a more convenient venue for the parties and witnesses based on its analysis of the private interest factors, the Court went on to find that "the extent of inconvenience to the defendants is overstated, particularly in light of the plaintiff's willingness to depose the California witnesses in California and Dell's presence as a defendant in this case."  (Order at 5.)  The Court based this finding on MedioStream's representations that it would make its employees available for trial and deposition in the Northern District of California, but recent disclosures by MedioStream merit reconsideration of this factor.

The parties recently exchanged Initial Disclosures in which they identified witnesses with relevant information.  In its disclosures, MedioStream identified five third-party witnesses who reside within the subpoena power of the Northern District of California.  Because these witnesses, who MedioStream admits may have relevant information, cannot be compelled to testify at trial in the Eastern District of Texas, but can be compelled to testify at trial in the Northern District of California, transfer is appropriate.  *Volkswagen II*, 545 F.3d at 316 ("the venue transfer analysis is concerned with convenience, and that a district court can deny any motions to quash [and thereby compel the attendance of out of state witnesses] does not address concerns regarding the convenience of parties and witnesses").  Indeed, the Eastern District of Texas does not enjoy subpoena power for trial over any of the California-based witnesses while the Northern District of California has trial subpoena power over all California-based witnesses,

and no party has identified **any** witness that resides in the Eastern District of Texas.  Transfer is therefore appropriate.

   In addition to the availability of compulsory process, the Northern District of California is a more convenient location for the identified third party witnesses.  Again, all of the third-party witnesses identified by MedioStream who live in the United States reside in the Northern District of California.  *Volkswagen II*, 545 F.3d at 317, quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) (stating that "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that 'additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment'").

   Because all of the private interest factors weigh in favor of the Northern California venue, under the reasoning of *Volkswagen II*, the Court should transfer this action.

   b.    The Public Interest Factors Weigh in Favor of Transfer.

   While the Court held that the public interest factors favored no particular venue, the Court should reconsider this conclusion because "those actually affected—directly or indirectly—by the controversies and events giving rise to a case" reside in the Northern District of California.  *See Volkswagen II,* 545 F.3d at 319.  This is especially true where, as here, the Plaintiff chose to assert California state law claims against certain of the Defendants in addition to patent infringement claims.

   Indeed, MedioStream alleges state law claims against Sonic, Nero, and Nero AG— asserting that Northern California residents engaged in tortious conduct in the Northern District of California.  Residents of the Northern District of California have a clear stake in deciding

conflicts between corporations headquartered in their communities and determining if California residents acted tortiously under California state law.

Because the residents of the Northern District of California have a direct stake in the resolution of this dispute, the Northern District of California is a more appropriate venue.

**B.     MedioStream's Infringement Contentions, Which It Provided to Defendants on September 30, 2008, Provide New Evidence to Support Transfer of This Case to the Northern District of California.**

MedioStream did not identify the target of its infringement allegations in its Second Amended Complaint.  In opposition to the transfer motion, MedioStream identified computers, but not the software that it alleged caused infringement.  In fact, it was not until September 30, 2008 that the Defendants learned of some of the specific software products accused in this case. MedioStream's more recent infringement contentions make one thing very clear: MedioStream's assertion that Dell is the "largest producer of allegedly infringing products," does not tell the whole story.  (Opp. to Mot. to Transfer at 3.)  <u>The reality is that Dell's alleged liability in this case is based solely on the fact that Dell loads third party software developed by other Defendants onto the computers its sells.</u>  Accordingly, Dell's presence in the case has little impact on the convenience factors.

As MedioStream's P.R. 3-1 Contentions show, the "Dell[] systems" accused are "MyDVD, PowerDVD, Nero, and/or Movie Maker."  MyDVD is a Sonic product, and Sonic is located in the Northern District of California; PowerDVD is a CyberLink.com product, and CyberLink.com is located in the Northern District of California; Nero makes a variety of products and is located in California; Movie Maker is a Microsoft product, and Microsoft is located in Redmond, Washington.  *See* Second Amended Complaint at 1-2; *MedioStream, Inc. v. Microsoft Corp.*, Case No. 2-08-cv-369.  Dell's presence in the case is not a sufficient reason to

retain the case in the Eastern District of Texas especially where Dell's liability is directly tied to the acts of third-party companies located predominantly in California.

Additionally, MedioStream's Complaint adds as defendants a fifth corporation based in the Northern District of California and four additional foreign corporations. The Complaint also alleges state law claims against two California corporations and a foreign corporation and asserts facts that would have occurred in the Northern District of California. These new facts merit reconsideration of the Court's Order Denying the Motion to Transfer and transfer to the Northern District of California, where judges routinely hear the California state law claims raised by MedioStream's new Complaint, and are thus quite familiar with the law applicable to those claims.

These recent additions also show that MedioStream will not be prejudiced by transfer of this case to the Northern District of California. The case is still in its early stages, with a trial date in early 2011, and a claim construction hearing in August 2010. MedioStream will amend its infringement contentions, and the defendants have not yet been required to comply with Patent Rules 3-3 and 3-4. Because this case is in its infancy, MedioStream will suffer no prejudice if the Court transfers the matter to the Northern District of California.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Defendants hereby ask the Court to reconsider its Order and to transfer this Action to the Northern District of California in the interest of justice and for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

Pursuant to L.R. CV-7(g), the Defendants respectfully request that the Court set an oral hearing for this Motion.

DATED:  December 5, 2008                    Respectfully submitted,


By:    /s/ Mark C. Scarsi
        Mark C. Scarsi
        (*pro hac vice*)
        mscarsi@milbank.com
        Chris L. Holm
        (*pro hac vice*)
        cholm@milbank.com
        Hannah L. Cannom
        (*pro hac vice*)
        hcannom@milbank.com
        Milbank, Tweed, Hadley & McCloy LLP
        601 S. Figueroa St., 30th Fl.
        Los Angeles, California 90017
        Telephone:   (213) 892-4000
        Fax:          (213) 629-5063

        Eric M. Albritton, Esq.
        State Bar No. 00790215
        ema@emafirm.com
        Albritton Law Firm
        111 West Tyler Street
        Longview, Texas 75601
        Telephone:   (903) 757-8449
        Fax:          (903) 758-7397

        Attorneys for APPLE INC.

By: /s/ Stanley Young
Stanley Young (admitted Pro Hac Vice-)
syoung@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: 650-632-4700
Fax: 650-632-4800

Deanna L. Kwong (admitted Pro Hac Vice-)
dkwong@cov.com
COVINGTON & BURLING LLP
One Front Street, Floor 35
San Francisco, CA 94111
Tel:  415-591-6000
Fax:  415-591-6091

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIMANT SONIC
SOLUTIONS

By:  /s/ M. Craig Tyler
M. Craig Tyler
ctyler@wsgr.com
WILSON SONSINI GOODRICH &
    ROSATI, PC
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin TX  78746-5546
Tel:  512-338-5400
Fax:  512-338-5499

Michael A. Ladra
mladra@wsgr.com
Monica Mucchetti Eno
meno@wsgr.com
James C. Otteson
jotteson@wsgr.com
WILSON SONSINI GOODRICH &
    ROSATI, PC
650 Page Mill Road
Palo Alto CA  94304-1050
Tel:  650-493-9300
Fax:  650-565-6811

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS ASUS
COMPUTER INTERNATIONAL, INC. AND
NERO, INC.

By:*/s/ Melvin R. Wilcox, III*
MELVIN R. WILCOX, III
Lead Attorney
State Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson, Suite 1015
Tyler, TX 75702
Phone: 903-595-1133
Fax: 903-595-0191
mrw@yw-lawfirm.com

Richard S. Gresalfi
Michelle Carniaux
Zaed M. Billah
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
Phone: (212) 425-7200
Fax: (212) 425-5288

*Attorneys for Sony Electronics Inc.*

By:  /s/ Danny S. Ashby
Danny S. Ashby
State Bar No. 01370960
danny.ashby@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas  75201
Telephone:  (214) 939-5500
Facsimile:  (214) 939-5849

L. Howard Chen
Howard.chen@klgates.com
Elaine Y. Chow
Elaine.chow@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco CA  94116-5994
Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220

ATTORNEYS FOR DEFENDANTS AND
COUNTER CLAIMANTS
CYBERLINK.COM CORPORATION,
GATEWAY INC., AND ACER AMERICA
CORPORATION

## <u>CERTIFICATE OF CONFERENCE</u>

This certifies that, pursuant to Local Rules CV-7(h), (i), counsel for Apple Inc. conferred with counsel for MedioStream in a good faith attempt to resolve the matter without court intervention.  MedioStream opposes ACER AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION, GATEWAY INC., NERO INC., SONIC SOLUTIONS, AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION.

By: ___/s/ Mark C. Scarsi_____
   Mark C. Scarsi

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the **ACER AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION, GATEWAY INC., NERO INC., SONIC SOLUTIONS, AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 5th day of December, 2008.


                                   /S/Mark. C. Scarsi
                                     Mark C. Scarsi