**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:07-CV-376 (CE) |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., DELL, INC., and GATEWAY, INC., | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**PLAINTIFF MEDIOSTREAM, INC.'S OPPOSITION TO DEFENDANTS ACER
AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL
INC., CYBERLINK.COM CORPORATION, GATEWAY INC., NERO, INC., SONIC
SOLUTIONS, AND SONY ELECTRONICS INC.'S MOTION FOR
<u>RECONSIDERATION</u>**

Plaintiff and Counter-Defendant MedioStream, Inc. ("Plaintiff" or "MedioStream")

opposes the motion filed by Defendants Acer America Corporation ("Acer"), Apple Inc.

("Apple"), Asus Computer International, Inc. ("Asus"), CyberLink.com Corporation

("CyberLink"), Dell Inc. ("Dell"), Gateway, Inc. ("Gateway"), Nero, Inc. ("Nero"), Sonic

Solutions ("Sonic"), and Sony Electronics Inc. ("Sony Electronics") (collectively,

"Defendants"), for reconsideration of the Court's September 26, 2008 Memorandum and Order

(Docket No. 152) ("Order") denying Defendants' Motion to Transfer Venue Pursuant to 28

U.S.C. § 1404 (a) (Docket No. 63) ("Motion to Transfer").  For the following reasons, Plaintiff

respectfully requests that the Court deny Defendants' motion.

## PRELIMINARY STATEMENT

Defendants' original Motion to Transfer was properly denied, and there are no changes in controlling law, nor any new facts, that should alter the Court's analysis.  All of the points raised in MedioStream's original opposition to the Defendants' Motion to Transfer are just as true today as they were when the opposition was filed, and therefore MedioStream hereby incorporates that opposition – Opposition to Motion to Transfer (Docket No. 75) ("Opposition") – by reference.

The circumstances presented here do not warrant reconsideration.  "Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Lupo v. Wyeth-Ayerst Labs.*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997) (internal citations omitted); *Pender v. Barron Builders & Mgmt. Co.*, No. 08-20047, 2008 WL 4690508, at *1 (5th Cir. Oct. 24, 2008).  Moreover, motions for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment . . . or to re-urge matters that have already been advanced by a party."  *Lupo*, 4 F. Supp. 2d at 645 (internal citations omitted); *Pender*, 2008 WL 4690508, at *1; *see also Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (observing that reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier").

Here, Defendants simply rehash old arguments.  There were no manifest errors of law or fact in the Court's September 26, 2008 Order, nor is there any newly discovered evidence that warrants a motion for reconsideration.[1]  The balance of the private and public factors in this

---

[1] A motion for reconsideration might be appropriate where the relevant law changed after the court's ruling.  *See, e.g.*, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 884 (9th Cir. 2000) (noting the appropriateness of reconsideration where the Hawaii Supreme Court changed

2

matter still weigh in favor of venue in the Eastern District of Texas for several reasons: (1) evidence and witnesses for the four recently-added defendants are most likely located in Europe and Japan, not in California; (2) each of these new defendants has sold allegedly infringing products in the Eastern District of Texas; (3) Dell's presence in Texas is as significant now as when MedioStream filed its original Opposition; and (4) ten months have passed since defendants filed the Motion to Transfer, and transfer at this point would prejudice MedioStream. No new facts or law favor venue in the Northern District of California, and the public and private interest factors taken as a whole continue to favor venue in the Eastern District of Texas.

## ARGUMENT

### I.     *VOLKSWAGEN II* DOES NOT CONSTITUTE NEW LAW

#### A. The Analysis For Evaluating A Transfer Motion Has Not Changed

*In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*") does not constitute new law for purposes of reconsideration. Defendants mischaracterize both the holding of the case and the analysis performed by this Court.[2]

Under *Volkswagen II*, the Court considers the same public and private interest factors set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). In fact, *Volkswagen II* cites *Volkswagen I* with approval in this regard. "The private factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for the willing witnesses; and (4) all other practical problems that will make trial of a case easy, expeditious and inexpensive.'" *In re*

---

its decisional law on the award of attorneys' fees while the appeal was pending). Such a change in law is not present in this case.

[2] Defendants' reliance on *Volkswagen II* may also be somewhat premature; the Volkswagen plaintiffs filed a petition for writ of certiorari on December 9, 2008. *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2008 WL 5195635 (Dec. 9, 2008).

3

*Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

"The public interest factors are: '(1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

problems of conflict of laws [or in] the application of foreign law.'" *Id.*

### B.     Defendants Misrepresent The Court's Analysis In *Volkswagen II*.

*Volkswagen II* does not eliminate the plaintiff's choice of forum as a factor for

consideration.  Rather, it notes that the deference to plaintiff's choice of venue is reflected in the

"good cause" burden – that the moving party must show "good cause" exists to transfer the case.

*In re Volkswagen*, 545 F.3d at 315.  Defendants contend *Volkswagen II* constitutes a clarification

of the law, and in particular of the principle that plaintiff's choice of forum is not an independent

factor to be considered in the analysis under 28 U.S.C. § 1404(a).  However, this Court did not

weigh MedioStream's choice of forum, by itself, against the other factors.  This Court looked at

MedioStream's decision to file suit here as one factor among many weighing in favor of venue in

this district.  That analysis is proper under *Volkswagen II*.  In *Volkswagen*, plaintiff's choice of

forum was the <u>only</u> factor in favor of venue.  Here, other factors also support venue in this

district.

### II.     THIS CASE IS STILL DISTINGUISHABLE FROM *VOLKSWAGEN II*

In *Volkswagen II*, almost all of the parties and witnesses were located in Dallas.

Plaintiffs were in an automobile accident in Dallas, Texas, driving a Volkswagen they had

purchased in Dallas.  Witnesses to the accident, emergency responders, medical staff, and the

medical examiner were located in Dallas.  Plaintiffs filed suit in the Marshall Division of the

Eastern District of Texas even though there was no event that occurred in Marshall, and no one

involved in the case, including the plaintiffs, had any connection to the Marshall Division.

4

Here, MedioStream has filed patent infringement claims against Defendants who sell allegedly infringing products in this district.  Venue is proper because the alleged infringement occurred here, and the evidence in this case will be electronic and easily transportable to this district.  In *Volkswagen II,* Dallas was a more convenient forum for all of the parties and witnesses. In this matter some witnesses are located in Texas and others are in various places around the world.  Many of the witnesses here will be paid experts, and the court need not consider their convenience.  Indeed, Texas is <u>more</u> convenient than the Northern District of California.

### III.    NO NEW FACTS HAVE BEEN DISCOVERED THAT WARRANT RECONSIDERATION

#### A.  The Addition Of New Defendants Weighs <u>Against</u> Transfer

The addition of four new defendants in this matter does not constitute newly discovered evidence for purposes of reconsideration.  Nor does the addition of these defendants change the outcome of the analysis under 28 U.S.C. § 1404(a) in any event.  Indeed, the most relevant witnesses and evidence for Nero AG and the new Sony defendants are likely based in Germany and Japan, respectively, and the Northern District of California is no more convenient for those witnesses than the Eastern District of Texas.

For example, Nero AG, the parent company of Nero, Inc., was added as a defendant after Nero, Inc. identified it as the appropriate defendant in its initial disclosures.  Nero AG is the German entity that produces Nero's software.[3]  Its development centers are located in Karlsbad, Germany and Hangzhou, China.  (Gee Decl., Ex. 1)  Witnesses knowledgeable about Nero's products likely reside there.  The members of Nero AG's executive team are also located in

---

[3] Nero's manuals for software that creates and burns CDs and DVDs list "Nero AG" on the manuals.  *See, e.g.,* Declaration of Benjamin Gee in Support of Opposition to Motion for Reconsideration ("Gee Decl."), Ex. 2.

Germany.  (Gee Decl., Ex. 3)  California is not more convenient than Texas for Nero AG, and in fact, the opposite may be true, since Dallas is closer to Germany than is San Francisco.

Similarly, MedioStream has named two Japanese entities, Sony Corporation, and its subsidiary, Sony Computer Entertainment, Inc., as additional defendants. [4]  The relevant witnesses and evidence regarding Sony's accused products will likely be located in Japan, which is not much closer to San Francisco than Dallas in terms of travel time.  The addition of these four new defendants therefore does not change the convenience equation at all in favor of California.

### B.  Dell's Presence In Texas Is Still Highly Relevant

Defendants' argument that MedioStream's infringement contentions against Dell reveal new facts is greatly overstated.  Dell's presence in this case is as important now as it has ever been.

Despite Defendants' suggestions to the contrary, Dell's infringement liability is *not* predicated solely on the fact that it loads third party software developed by other defendants onto the computer systems it sells.  MedioStream has made allegations against Dell products on two separate patents.  Dell, unlike the software companies, is accused of infringing both the 7,009,655 patent (the "'655 Patent"), which includes an asserted system claim, as well as the 7,282,172 patent (the "'172 Patent"), which includes asserted method claims.  In addition to selling systems loaded with other defendants' software, Dell sells additional hardware and software against which allegations have been made.  All told, Dell produces and/or sells a large number of accused products in this litigation, and the Court should afford Dell's presence in Texas as much weight now as it did at the time it denied Defendants' Motion to Transfer.

---

[4] MedioStream also added defendant Sony Computer Entertainment America, Inc., a U.S. entity.

LIBA/1955830.1

## IV.     THE PUBLIC AND PRIVATE INTEREST FACTORS STILL WEIGH IN FAVOR OF VENUE IN THIS DISTRICT

Defendants argue that the addition of new defendants and the service of new

infringement contentions against Dell affect the following private factors: (1) the convenience of

the parties and witnesses, (2) the cost of obtaining witnesses' attendance, (3) the accessibility and

location of sources of proof, and (4) the place of the alleged wrong.  As shown below,

Defendants mischaracterize both the facts and the relevant law, and these factors still weigh in

favor of venue in this district.

### A.     The Private Interest Factors Do Not Support Transfer

1.     <u>The Convenience Of The Parties And Witnesses, And The Cost Of Obtaining Witnesses Attendance, Do Not Favor Transfer</u>

Defendants fail to demonstrate that the location of potential witnesses supports transfer.

As MedioStream explained in its original Opposition, and as the Court noted in its Order,

MedioStream is willing to travel to California to conduct depositions of California witnesses, and

Mr. Huang, a former MedioStream employee and named inventor on the asserted patents, has

agreed to travel to the Eastern District of Texas to testify should that be necessary.  (Declaration

of John Huang in Support of Opposition to Motion for Reconsideration, ¶ 4)  Apple, Sony and

Nero are Delaware corporations.  Further, Dell is a key defendant in this case and is located in

Texas.

Defendants also argue that evidence and witnesses for the additional defendants is located

in the Northern District of California.  However, as discussed above, the new Sony defendants

are in Japan and Nero AG is in Germany.  The relevant witnesses and evidence for these

defendants are not likely to be located in California, but in Japan and Germany.  And Texas is

likely to be more convenient for the German defendant and its affiliated witnesses.

Also, because this is a patent case, the issues are of a technical nature and most of the witnesses will be expert witnesses, paid for their testimony.  The Court accords little or no weight to the convenience of expert witnesses.  *See, e.g.*, *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*, No. Civ. A. 2:05-CV-185, 2005 WL 3543151, at *3 (E.D. Tex. Dec. 22, 2005); Order at 4-5.

Finally, Defendants' argument based on convenience factors such as distance and cost is still unpersuasive because they have regularly availed themselves in this district.  Indeed, many of them have initiated litigation of their own in this court.  Sony, for example, has <u>eighteen</u> cases currently pending in the Eastern District of Texas.  (Declaration of Susan E. Gonzalez in Support of MedioStream's Opposition to Motion for Reconsideration, ¶ 2)  As noted in MedioStream's original Opposition, other Defendants, including Apple, Acer, Asus and Gateway also have cases pending in Texas.  Opp., pp. 9-10.  How could this district have become so inconvenient for these defendants so suddenly?  The only reasonable answer is that it is not inconvenient for them, and it never has been.

> 2.   <u>Defendants' Infringing Conduct Occurred In The Eastern District Of Texas.</u>

Every defendant in this action has sold allegedly infringing products in the Eastern District of Texas, including the new defendants.  Defendants argue that because MedioStream has filed pendent state law claims against Nero and Nero AG, the conduct at issue in those state law claims must have their factual nucleus in California.  However, these state claims are merely pendent to the patent claims.  The driving issue in this case is the patent issue, and all the defendants have sold allegedly infringing products here.

LIBA/1955830.1

3.      The Sources Of Proof In This Case Will Be Easily Accessible

Defendants argue, without citing any evidence, that facts relevant to this case will be discovered in California.  However, as discussed above, the relevant evidence for Nero AG is located in Germany, and the relevant evidence for Sony is located in Japan.  Likewise, other defendants have evidence located in other states or abroad.  For example, CyberLink and Gateway have admitted that their software is created in Taiwan.  (*See* Wong Declaration in Support of Motion to Transfer, ¶¶ 2-3; Zhou Declaration in Support of Motion to Transfer, ¶ 3)

The fact that much evidence is located outside of Texas or outside of the United States does not affect whether the sources of proof will be more easily accessible in Marshall or San Francisco.  "With respect to practical problems, such as the location of evidence, any documentary proof can be as easily transported to Marshall for trial as to the Northern District of California.  Indeed, much discovery in patent cases is now exchanged electronically."  Order at 5 (citing *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, at *6 (E.D. Tex. 2004)).  The evidence at issue in this case can easily be transported to the Eastern District of Texas.

4.      Transfer To The Northern District Of California Would Prejudice MedioStream

Transfer of this action to the Northern District of California would prejudice MedioStream.  Approximately ten months have passed since Defendants filed their original Motion to Transfer.  Since that time, the parties have begun discovery and MedioStream has served its infringement contentions pursuant to the local Patent Rules.  Defendants' invalidity contentions are due very shortly.  A transfer to California will result in significant delay, which will prejudice MedioStream**.**

LIBA/1955830.1

**B.      The Public Interest Factors Weigh In Favor Of Venue In The Eastern District Of Texas**

Defendants misrepresent the Court's September 26, 2008 Order.  This Court did not find that the public interest factors were neutral.  Rather, it found that the public interest factors weighed in favor of venue in this district.  (Order at 5)  The public interest factors still weigh in favor of venue here.

1.      There Are No Administrative Difficulties Caused By Court Congestion

Defendants have not alleged that this case will cause congestion in this Court, nor is there any reason to believe it would do so.  As discussed in MedioStream's original Opposition, transferring this case to the Northern District of California would move it into a more congested district than this one.  (Opp. at 12-13)  This Court agreed that there are no administrative difficulties caused by court congestion and found this factor to be neutral.  (Order at 5)  This is as true today as it was when the Court issued its Order in September.

2.      There Is A Local Interest In Resolving This Action In The Eastern District Of Texas

Residents in the Eastern District of Texas have a significant interest in the enforcement of federal patent laws against infringement activity.  *See Cummins-Allison Corp.*, 2004 WL 1635534, at *7.  All thirteen defendants in this matter face patent infringement allegations.  Ten of the thirteen defendants have only federal patent allegations pending against them, and only three of the thirteen face additional state law claims.  To focus on the pendant state law claims that apply to only three of the thirteen defendants is to miss the central focus of this litigation.

Moreover, Texas courts can assess California state law claims as well as any court in California or any other jurisdiction.  The application of the law in a foreign jurisdiction does not require a transfer of venue, especially here where the California state law claims are secondary to

10

the federal patent allegations against all defendants. *See, e.g.*, *Vandusen v. J.C. Penny Co.*, 207 F. Supp. 529, 536 (W.D. Ark. 1962) (denying motion to transfer and holding that application of law of another jurisdiction in itself does not require the transfer of the case); *Willetts v. Gen. Tel. Dir. Co.*, 38 F.R.D. 406, 411 (S.D. N.Y. 1965) (denying motion to transfer and holding that it is not controlling that the case would require the application of the law of a foreign jurisdiction).

This Court has already found that the pendant state law claims do not affect venue for this patent matter.  "[T]he primary claims asserted in this case involve patent issues, and the court is not persuaded that the California claims warrant a transfer of venue."  (Order at 5)  The only fact that has changed since the Court ruled on this issue is that there are now *more* patent defendants in this matter, all of whom have sold allegedly infringing products in this district.

### 3.   There Are No Conflict Of Law Issues In The Eastern District Of Texas

This case is based upon federal patent law.  This district is intimately familiar with patent law.  In fact, it has adopted special rules governing patent cases that promote orderly and efficient resolution of patent cases.  *See Source Inc. v. Rewards Network Inc.*, No. Civ. A. 2:04-CV-347, 2005 WL 2367562, at *3 (E.D. Tex. Sept. 27, 2005) (stating "This Court is very familiar with the United States patent laws that will govern this case").  The laws at issue are the same as those that were at issue when defendants filed their original motion to transfer and as when this Court denied their motion.  Nothing has changed and there are no conflict of law issues.

## V.   CONCLUSION

Defendants have presented no newly discovered evidence or change in law.  They have not met the standard for a motion for reconsideration, nor have they met their burden of showing good cause for transfer of this case to the Northern District of California.  This Court has already ruled on this issue, and should accordingly deny this motion and retain venue over this action.

11

Dated:  December 22, 2008                    Respectfully submitted,

                                    By:  /s/ Byron Cooper
                                         Byron Cooper
                                         CA State Bar No. 166578
                                         Gregory S. Bishop
                                         CA State Bar No. 184680
                                         April E. Abele
                                         CA State Bar No. 180638
                                         GOODWIN PROCTER LLP
                                         135 Commonwealth Drive
                                         Menlo Park, CA 94025
                                         Tel: (650) 752-3100
                                         Fax: (650) 853-1038
                                         Email: bcooper@goodwinprocter.com
                                         Email: gbishop@goodwinprocter.com
                                         Email: aabele@goodwinprocter.com

                                         Elizabeth F. Stone
                                         CA State Bar No. 239285
                                         GOODWIN PROCTER LLP
                                         Three Embarcadero Center, 24th Floor
                                         San Francisco, CA 94111
                                         Tel: (415) 733-6000
                                         Fax: (415) 677-9041
                                         Email: estone@goodwinprocter.com

                                         S. Calvin Capshaw
                                         State Bar No. 03783900
                                         Elizabeth L. DeRieux
                                         State Bar No. 05770585
                                         N. Claire Abernathy
                                         State Bar No. 24053063
                                         CAPSHAW DeRIEUX, LLP
                                         Energy Centre
                                         1127 Judson Road, Suite 220
                                         Longview, TX 75601
                                         Tel: (903) 236-9800
                                         Fax: (903) 236-8787
                                         Email: ccapshaw@capshawlaw.com
                                         Email: ederieux@capshawlaw.com
                                         Email: chenry@capshawlaw.com

LIBA/1955830.1

Andrew T. Gorham
State Bar No. 24012715
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: tgorham@pbatyler.com
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Attorneys for MEDIOSTREAM, INC.

LIBA/1955830.1

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of December, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Byron Cooper
Byron Cooper

LIBA/1955830.1