**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| MEDIOSTREAM, INC., a California corporation, | § § | Civil Action No. 2-07CV-376 CE |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| ACER AMERICA CORP., APPLE INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., GATEWAY, INC., SONY ELECTRONICS INC., CYBERLINK.COM CORP., NERO INC., NERO AG, SONIC SOLUTIONS, SONY CORP., SONY COMPUTER ENTERTAINMENT INC., and SONY COMPUTER ENTERTAINMENT AMERICA INC. | § § § § § § § § § | |
| Defendants. | | |

**REPLY IN SUPPORT OF DEFENDANTS ACER AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION, GATEWAY, INC., NERO, INC., SONIC SOLUTIONS, AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION**

MedioStream's opposition ignores the new facts and witnesses it recently disclosed to

Defendants and the clarification of law set out in *In re Volkswagen of America Inc*, 545 F.3d 304

(5th Cir. 2008) (hereinafter "*In re Volkswagen II*"), to summarily conclude that this matter

should stay in the Eastern District of Texas.  However, the recent Fifth Circuit decision together

with the new facts and witnesses MedioStream revealed after the Court's decision merit

reconsideration and transfer to the Northern District of California.  Given its proper limited

deference, MedioStream's choice of venue does not change the fact that the Northern District of

California is the most appropriate venue for this matter considering the convenience to the

parties, their witnesses, and the third-party witnesses.

Moreover, MedioStream's opposition highlights the fact that the Defendants have other

matters pending in this District to argue that the Eastern District of Texas is a more convenient

venue for this case.  This is a red herring.  The Defendants are not arguing that transfer is

appropriate for every matter in this District.  To the contrary, the present case has unique

circumstances which make transfer to the Northern District of California particularly appropriate.

These include:  the presence of California state law claims, the Plaintiff's (and the majority of

the Defendants') residence in the Northern District of California, and the Plaintiff's own

identification of relevant third party witnesses residing outside of this District but within the

subpoena power of the Northern  District of California.  These factors will likely not be present

in the majority of cases filed in the Eastern District of Texas but warrant transfer to the Northern

District of California in this case.

> **A.      The Fifth Circuit's Recently Explained Precedent Warrants
>          Transfer to the Northern District of California.**

While *In re Volkswagen II* did not change the factors that the Court must analyze in

considering a motion to transfer venue under 28 U.S.C. § 1404(a), it did clarify the limited role

of the plaintiff's choice of venue in considering these factors. *York v. Union Pac. R.R. Co.*, No. 07-00169, 2008 U.S. Dist. LEXIS 98819 at *2-3 (E.D. Tex. Oct. 21, 2008). Under this clarified framework, Defendants have shown good cause, and the Court should grant transfer to the Northern District of California.

MedioStream's Opposition overlooks the guidance and admonitions of the Fifth Circuit, including the general principle that witnesses prefer to testify near their homes. *See in re Volkswagen II*, 545 F.3d at 317, quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that 'additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment'"); *see also In re TS Tech. USA Corp.,* Misc. Docket No. 888, 2008 WL 5397522 at *3 (Fed. Cir. Dec. 29, 2008) (a district court commits clear error where it disregards the 100-mile rule and does not take into account added distance and cost to witnesses). And, MedioStream ignores the reality that the Eastern District of Texas does not enjoy subpoena power over <u>any</u> third-party witnesses the parties have identified to date, whereas the Northern District of California has subpoena power over most of them.

MedioStream's assertion that "because this is a patent case, the issues are of a technical nature and most of the witnesses will be expert witnesses, paid for their testimony" (Opp. at 8) is unavailing because it completely ignores the state law claims. These claims will require testimony from the employees of two Northern California companies (MedioStream and Sonic), one Southern California company (Nero), and one foreign corporation (Nero AG) as well as third-party witnesses no longer associated with these entities who will likely reside in the Northern District of California.

Further, MedioStream urges the Court to reach the unworkable result that a patent infringement case must be kept in the judicial district in which it is filed if an allegedly infringing product is sold in that district.  (Opp. at 8.)  Such a result ignores the central tenet of 28 U.S.C. § 1404(a)—where jurisdiction is proper in one venue but a more convenient venue exists, transfer is appropriate.  *See also In re TS Tech. USA Corp.,* 2008 WL 5397522 at *4 (citizens of the Eastern District of Texas have no more or less meaningful connection to a case than any other venue where accused infringement is nationwide).  Moreover, MedioStream's argument that the presence of California state law claims does not, in itself, require transfer misses the point.  (Opp. at 11.)  The presence of California state law claims against California corporations provides the residents of the Northern District of California with a heightened interest in the resolution of this entire case—including the patent claims—than the residents of the Eastern District of Texas or any other judicial district in the United States in which infringing products are sold.  *In re TS Tech,* 2008 WL 5397522 at *4.  Transfer to the Northern District of California is therefore appropriate.

**B.**      **MedioStream's Recently Disclosed Facts Favor Transfer to the Northern District of California.**

MedioStream's opposition again gives undue weight to Dell's presence in this case. While MedioStream states in its Opposition that "[i]n addition to selling systems loaded with other defendants' software, Dell sells additional hardware and software against which allegations have been made" (Opp. at 6), MedioStream's actual contentions tell a different story.  On December 19, 2008, MedioStream served amended Patent Rule 3-1 Contentions on Dell.  These contentions state that "on information and belief at least one of the following software packages is provided to the purchasers of Dell's systems: MyDVD [a Sonic product], PowerDVD [a CyberLink.com product], Nero, Movie Maker [a Microsoft product], DVDit Pro HD [a Sonic product], PhotoSuite7 Platinum [a Roxio/Sonic product], Sonic Scenarist [a Sonic product],

and/or PowerProducer [a CyberLink.com product]." (MedioStream Infringement Contentions (Dell), Exhibit B '655 Patent at page 1.) <u>There are no contentions against other Dell hardware or software</u>. MedioStream's own infringement contentions show that the only software it accuses Dell of loading onto its hardware is software created by Defendants in California or Washington State. The Northern District of California is therefore a more convenient forum in which to adjudicate this dispute.

Contrary to its assertions, MedioStream's addition of three foreign companies, and yet another company based in the Northern District of California, does weigh in favor of transfer. Indeed, half of the Defendants are now based in the Northern District of California—Sony Computer Entertainment America, Inc. in Foster City, Sonic in Novato, CyberLink.com in Fremont, ACI in Fremont, Apple in Cupertino, and Acer in San Jose. Three of the remaining four companies based in the United States but not in the Northern District of California are based in Southern California—Nero, Sony Electronics Inc., and Gateway.

Moreover, the location of party and non-party witnesses, identified by MedioStream <u>after</u> the Court originally decided the Motion to Reconsider, supports transfer to the Northern District of California. Indeed, in its opposition to Microsoft's Motion to Transfer, <u>MedioStream admits</u> that nine of the twenty people identified in MedioStream's initial disclosures reside in the Northern District of California, five of whom are third-party witnesses over whom the Eastern District of Texas does not have subpoena power. *MedioStream, Inc. v. Microsoft Corp.*, Case No. 2-08-cv-369 DF, Docket No. 18. What's more, MedioStream can only identify <u>one</u> witness who resides in any judicial district other than the Northern District of California and that witness does not reside in the Eastern District of Texas. *Id.*[1]

---

[1] MedioStream's argument that it will be prejudiced by a transfer to the Northern District of California is again misplaced. The trial in this matter is not until 2011.

4

For the foregoing reasons, the Defendants hereby ask the Court to reconsider its Order

and to transfer this Action to the Northern District of California in the interest of justice and for

the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).[2]

Pursuant to L.R. CV-7(g), the Defendants respectfully request that the Court set an oral

hearing for this Motion.

DATED:  January 2, 2009                                   Respectfully submitted,


By:   /S/Mark. C. Scarsi
      Mark C. Scarsi
      (*pro hac vice*)
      mscarsi@milbank.com
      Chris L. Holm
      (*pro hac vice*)
      cholm@milbank.com
      Hannah L. Cannom
      (*pro hac vice*)
      hcannom@milbank.com
      Milbank, Tweed, Hadley & McCloy LLP
      601 S. Figueroa St., 30th Fl.
      Los Angeles, California 90017
      Telephone:   (213) 892-4000
      Fax:             (213) 629-5063

      Eric M. Albritton, Esq.
      State Bar No. 00790215
      ema@emafirm.com
      Albritton Law Firm
      111 West Tyler Street
      Longview, Texas 75601
      Telephone:   (903) 757-8449
      Fax:             (903) 758-7397

      Attorneys for APPLE INC. on behalf of ALL
      MOVANTS

---

[2] Defendant Sonic contends that all the claims against it, including the California state law claims, should be subject to arbitration in California, as set forth in its pending Motion to Abate Case Pending Arbitration, Dkt. 117.  The present motion for reconsideration is made with express reservation and non-waiver of Sonic's right to arbitration. A grant of Sonic's Motion to Abate Case Pending Arbitration would reduce the number of state law claims and California witnesses in the litigation.  However, the Defendants believe that reconsideration and transfer are warranted even if the claims as to Sonic are abated pending arbitration, as the considerations described herein would continue to apply as to the remaining case as a whole.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the **REPLY OF ACER AMERICA CORPORATION, APPLE INC., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION, GATEWAY INC., NERO INC., SONIC SOLUTIONS, AND SONY ELECTRONICS INC. IN SUPPORT OF THE MOTION FOR RECONSIDERATION** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 2nd day of January, 2009.


                                            /S/Mark. C. Scarsi
                                            Mark C. Scarsi

6