IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:07-CV-376 (CE) |
| ACER AMERICA CORPORATION, APPLE COMPUTER, INC., DELL INC., and GATEWAY, INC., | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**SUR-REPLY IN SUPPORT OF MEDIOSTREAM'S OPPOSITION
TO DEFENDANTS ACER AMERICA CORPORATION, APPLE INC., ASUS
COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORPORATION,
GATEWAY, INC., NERO, INC., SONIC SOLUTIONS,
AND SONY ELECTRONIC INC.'S MOTION FOR RECONSIDERATION**

I.     **PRELIMINARY STATEMENT**

In denying defendants' original motion to transfer this case, this Court applied the correct legal standard -- namely, evaluating the public and private interest factors set forth in *Volkswagen I* and *II* (*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004); *In re Volkswagen of America*, 545 F.3d 304 (5th Cir. 2008)) -- and reached the correct result under that analysis. The Court did not treat MedioStream's choice of venue as a distinct factor in the §1404(a) analysis, and thus did not afford that choice undue weight.

Defendants casually assert that the Northern District of California is the more convenient venue for this action, but that is just not the case. The facts here are markedly different from those in *In re TS Tech. USA Corp.,* Misc. No. 888, 2008 WL 5397522, at *3 (Fed. Cir. Dec. 29, 2008) ("*TS Tech*"), upon which defendants rely. Defendant Dell Inc. ("Dell"), a Texas-based company, still sells, by far, the most accused products, and defendants' assertion that "[t]here are no contentions against other Dell hardware or software [aside from elements loaded with other defendants' software]" is simply incorrect. (Reply, at p. 4) Together, Sony Corporation and Dell make and sell the vast majority of accused products.[1] The majority of witnesses in this case are located either in Texas or overseas, and all defendants have a concrete and substantial connection to Texas. In addition, MedioStream has filed herewith a Fourth Amended Complaint, in which the state law claims have been dropped in order to streamline this litigation, rendering defendants' overstated arguments on this point moot.

II.    **ARGUMENT**

   A.   **Defendants Greatly Overstate Their Connections to California and Downplay the Convenience of Trying This Case in Texas**

---

[1] *See* Ex. 1 for copies of Infringement Contentions alleging infringement by the sale of various products made or branded by defendants. Those contentions include those made against Sony Corporation ("SC"), Sony Computer America Entertainment, Inc. ("SCEA"), Sony Computer Entertainment, Inc. ("SCEI"), Sony Electronics, Inc. ("SEL"), (collectively referred to herein as "Sony") and Dell.

1

### 1. Most, if Not All, of the Hardware and Software at Issue Was Developed Overseas, Except for Dell's Products Developed in Texas

Defendants have not pointed to any evidence that the software or hardware at issue in this litigation was developed in California. Contrary to defendants' unsupported assertions, the software company defendants -- Nero AG, Nero, Inc. (collectively, "Nero"), Sony, CyberLink, and Sonic -- all develop their software overseas. And Dell, the largest hardware seller in the U.S., develops its products in Texas. Though a few defendants are California-based sales entities, the relevant evidence and witnesses regarding infringement will likely be found in Texas, Europe, and Asia, <u>not</u> in California.

Both Nero and Sony admitted early in the case that their California-based sales entities do not make the accused software products, nor could those California entities provide the relevant technical evidence. That is because the accused Nero software and all of the Sony software and hardware (along with their manuals, etc.) are made overseas and then shipped to the United States for distribution. Accordingly, MedioStream added the foreign Nero and Sony entities as defendants because they are the primary infringers. Evidence and witnesses regarding infringement will be located in Texas for Dell, in Germany for Nero AG, and in Japan for Sony.[2]

CyberLink's software is also developed abroad -- in Taipei, Taiwan. (Wong Moving Decl. at ¶¶ 2-3) Key technical witnesses, along with CyberLink's executive staff, are located in Taipei. Therefore, CyberLink's relevant evidence and witnesses will be found in Taiwan, not in California. All of the other hardware and software defendants also make their products overseas. None of them have yet identified a single witness in California regarding non-infringement.

---

[2] In at least two cases in the Eastern District of Texas, Sony has taken the position that its U.S. entities only handle sales and marketing and have no knowledge about the products themselves. Sony argued that anyone with any technical knowledge of the products is located in Japan and must be deposed in Japan. *See MicroUnity v. SCEA Computer Entertainment America, Inc.,* Civil Action No. 2-05-cv-505 (TJW) (Dkt. No. 99); *Agere v. Sony*, Civil Action No. 2:06-cv-00079-CE (Dkt. No. 160).

Sonic's evidence and witnesses are likely located in China. After MedioStream opened an office in China to develop software, Sonic quickly followed suit, opening an office right next door. Sonic then began hiring away MedioStream's China employees, who in turn contributed to Sonic's software development program. The relevant Sonic software was almost certainly developed in China, and both MedioStream's and Sonic's relevant technical witnesses and evidence are located there as well.[3] Sonic has provided no evidence to the contrary.

Because most of the relevant software and hardware was developed abroad, few witnesses and little evidence will be located in California. The bulk of discovery in the U.S. will concern the features of the 453 accused products sold by Dell. (*See* Ex. 1) MedioStream has not ignored the principle that witnesses prefer to testify near home; rather, few relevant witnesses are in California as compared to other locations around the world.[4]

MedioStream has dropped the pendant California state law claims against defendants in the case. These claims arose from Sonic's actions in China and the U.S., and should not affect whether the case should stay in Texas; nevertheless, MedioStream has withdrawn them.

### 2. MedioStream's Accusations Against Dell Are Not Predicated Solely on Dell's Installation of Other Defendants' Software in Its Systems

Contrary to defendants' argument on reply, MedioStream's amended infringement contentions include allegations against both software and hardware products sold by Dell, including products that may not utilize the other defendants' software. See Ex. 1: "The accused products include all laptop computers made, used or sold by Dell during and after March 2006, .

---

[3] Defendants' suggestion that they have identified numerous witnesses in California is unsupported. In fact, most of the defendants' disclosures fail to even list the addresses of relevant witnesses. Attached as Exhibits B-J are copies of the initial disclosures from each party that has appeared except for Apple, whose Initial Disclosure Statement was served as "Confidential – Outside Attorneys Eyes Only." However, Apple's Initial Disclosure Statement does not disclose the addresses of any relevant witnesses.

[4] As noted in MedioStream's Opposition to Motion to Transfer (Dkt. No. 75) and its Opposition to Motion for Reconsideration (Dkt. No. 219), as well as the Court's Order (Dkt. No. 152), the third party witnesses in the Northern District have specifically stated that they agree to travel to Texas if necessary. (Order at 4).

3

. . all desktop computers made, used or sold by Dell during and after March 2006, . . . [and] all digital video cameras made, used or sold by Dell during and after March 2006 . . .")

Dell sells many products. Some of these products bear Dell branding; others are branded by other electronics and software manufacturers. For example, Dell sells video cameras branded by Sony, Panasonic, JVC, and others. The manufacturer of the software integrated within or sold with these video cameras is yet to be determined in discovery. MedioStream has been unable to determine from public documents what software is contained in many of these accused products; for certain, some products may not contain software created by Nero, Sony, CyberLink, or Sonic. The people most likely to be able to provide answers about the software in these products are working for Dell in Texas; thus discovery in Texas will be central to the case. As one example, several claim elements require writing to a disc, a process which clearly requires a CD or DVD writer. The list of accused Dell products contains numerous DVD recorders, video cameras, and other consumer electronics with integrated software not accessible to MedioStream via public information. Dell sells far more allegedly infringing products than the other defendants, and its presence in this case is as important as ever.

### B. This matter is distinguishable from *TS Tech*

The facts in this case are readily distinguishable from those in *TS Tech*. In *TS Tech*, the evidence was mainly located in Ohio, where defendants sought to transfer the case. The key witnesses lived in Ohio, Michigan and Canada. <u>None</u> of the parties were incorporated in Texas or had offices in the Eastern District. There was no basis for venue in the Eastern District of Texas other than the fact that the plaintiff chose the venue and a few products were sold there.

Here, as this Court has found, numerous factors weigh in favor of venue in this district. Dell is a Texas company, and both Apple and Sony have numerous stores in Texas, numerous offices here, and three Sony entities are licensed to do business in the state. (Declaration of

4

Benjamin Gee, ¶¶1-3))  So at least those three defendants have strong connections to Texas.  The majority of the evidence and key witnesses in this case are located in Texas and Asia.  And as discussed above, defendants have not shown that any evidence or witnesses likely to be brought to trial are located in California.

Furthermore, the evidence in this case is virtually all electronic -- unlike in *TS Tech*, where physical evidence located in Ohio was at issue -- and it is easy to transport the evidence from remote locations to Texas.  The fact that electronic evidence is easier to transfer than physical evidence may not render the "accessibility of evidence" factor superfluous, as the Federal Circuit noted in *TS Tech*, 2008 WL 5397522, at *4, but this Court has also noted that where evidence is electronic, courts need not afford as much weight to this factor.  *Cummins-Allison Corp. v. Glory Ltd.*, No. Civ. A.2-03-cv-358TJ, 2004 WL 1635534, at *6 (E.D. Tex., May 26, 2004).

As for witness convenience, the Fifth Circuit applies the so-called "100-Mile Rule" for domestic witnesses, but an extension of this rule may not be appropriate in all cases.  For example, another court in this circuit has held that the difference in convenience between Louisiana and California for witnesses from China is negligible.  *See Haelan Prods. Inc. v. Beso Biologicla Research Inc.,* 43 U.S.P.Q.2d 1672, 1678 (E.D. La. 1997).  Where overseas witnesses are concerned, a day's travel is a day's travel, whether twelve or fourteen hours.  And the Court need not afford much, if any, weight to the convenience of paid experts.  Order at 5.

## III.    CONCLUSION

Defendants' new arguments on reply do not change the facts of this case, nor the law, and neither should they affect the result of this motion.  Reconsideration is unwarranted.  The public and private interest factors still weigh in favor of venue in the Eastern District of Texas, and defendants' motion should be denied.

5

Dated:  January 9, 2009 Respectfully submitted,

By: /s/ Byron Cooper
Byron Cooper
CA State Bar No. 166578
Gregory S. Bishop
CA State Bar No. 184680
April E. Abele
CA State Bar No. 180638
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel: (650) 752-3100
Fax: (650) 853-1038
Email: bcooper@goodwinprocter.com
Email: gbishop@goodwinprocter.com
Email: aabele@goodwinprocter.com

Elizabeth F. Stone
CA State Bar No. 239285
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: estone@goodwinprocter.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
CAPSHAW DeRIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
Longview, TX 75601
Tel: (903) 236-9800
Fax: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: chenry@capshawlaw.com

Andrew T. Gorham
State Bar No. 24012715
Robert M. Parker

    State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: tgorham@pbatyler.com
Email: rmparker@pbatyler.com
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Attorneys for MEDIOSTREAM, INC.

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of January, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

    /s/ Byron Cooper
    Byron Cooper

7